The Gulf, Colorado & Santa Fe Railway Company
v. W. A. Humphries.

No. 1582.

**1. Charge of Court—Request for Instructions Necessary.**—Where no instructions are requested, a mere failure of the court to charge on a given point, if error, is one of omission such as will not ordinarily require a reversal.

**2. Limitations in Action for Conversion of Property.** — In an action against a common carrier for the conversion of goods, limitation commences to run, not from the date of the actual conversion, but from the time plaintiff either had notice or was chargeable with notice thereof. Following Railway v. Adams, 49 Texas, 748.

3. Action for Conversion — Ownership of the Property.— If the plaintiff in an action against a carrier for the conversion of goods was the owner of the claim at the time suit was brought, it is immaterial that he was not the owner of the goods at the time of their conversion.

4. Damages for Conversion — Rate of Interest. — Where, after the conversion of property, the legal rate of interest is reduced, the owner is entitled to the legal rate from the conversion to the time the rate is changed, and to the reduced rate from then to the date of the trial.

5. Charge of Court must be Warranted by Evidence.—In an action against a carrier for conversion of goods, plaintiff claimed a demand and refusal, but the only evidence on this point was that an attorney made a request for pay for the goods, but not for the goods themselves. *Held*, that it was error for the court to charge on the theory of a demand and refusal, and consequent liability of the carrier for a willful conversion.

6. Charge of Court must Submit the Evidence. — Where there is evidence merely tending to show a conversion of the goods by the carrier, such as a probable delivery to one who may or may not have been authorized to receive them, and the question of such delivery and authority is not submitted by the charge to the jury, a finding of conversion against the carrier is not warranted.

APPEAL from the County Court of Bosque.    Tried below before Hon. W. B. THOMPSON.

*J. W. Terry* and *Charles K. Lee*, for appellant.— 1. To entitle a party to maintain an action for conversion, he must have been entitled to possession of the goods at the time of the alleged conversion.

2. Where property is rightfully in the hands of a bailee, a demand and a refusal to deliver must be shown, to constitute a conversion. There being no conversion until demand made and refusal to deliver, a demand for pay for value of the freight was not sufficient, as plaintiff was only entitled to the goods, and not their value. Sanford v. Wilson, 2 Willson's C. C., sec. 250; Greenl. on Ev., sec. 644; 4 Am. and Eng. Encycl. of Law, 115.

3. The charge of the court should be confined to the case as made by the evidence, and it is error to charge on issues not made by it. 1 W. & W. C. C., secs. 297, 299, 896; Railway v. Gilmore, 62 Texas, 391; Railway v. Kuehn, 70 Texas, 582; Railway v. Terry, 42 Texas, 451.

4. The verdict of the jury is excessive, in this, that it bears interest at the rate of 8 per cent from the time of the alleged conversion till the time of trial; whereas, in law, plaintiff was only entitled to interest at the rate of 6 per cent per annum from and after the 13th day of April, 1891.   Act of April 13, 1891, Acts 22nd Leg., p. 87; 11 Am. and Eng. Encycl. of Law, 413.

No brief for appellee reached the Reporter.

HEAD, Associate Justice.—This suit was instituted by appellee, as plaintiff in the court below, to recover of appellant, as defendant, damages in the sum of $98.13 and interest, for the alleged conversion of 190 feet of well casing shipped with appellant as a common carrier at Meridian, Texas, in May, 1888, and consigned to appellee at Brenham, Texas. The goods reached Brenham in due time, where they remained unclaimed for several months, and until they were about to be sold to pay the freight charges, when, on August 8, 1888, J. T. Swearingen, as the attorney of one Beuley, paid these charges and stopped the sale, but let the casing remain on appellant's platform at Brenham, where appellee saw it on September 6, 1888, but, he says, made no attempt to remove it. The record does not disclose what finally became of the casing. There is considerable doubt as to whether appellee or Bewley was the owner of the casing, but in the settlement between them it was agreed that appellee should retain it. This suit was instituted September 13, 1890.

Appellant pleaded general denial, statute of limitation of two years, and reconvened for $115 charges for storage and freight. The trials both in Justice and County Court resulted in judgments in favor of appellee for full amount of his claim.

*Opinion.*—Appellant not having requested a charge upon the issue raised by its plea of the statute of limitations, can not complain at the failure of the court to give one. The error of the court, if error at all, was one of omission, and would not require the reversal of the judgment. In view of another trial, however, we will add, that it has been decided by our Supreme Court that the statute would commence to run in a case like this, not from the actual date of the conversion, but from the time plaintiff either had notice or was chargeable with notice thereof. Railway v. Adams, 49 Texas, 748.

Appellant's fifth assignment is not well taken. The consignee of the goods can generally, but not always, maintain a suit against the carrier for their conversion. Railway v. Smith, 84 Texas, 348; Hutch. on Car., secs. 733–736. It is not, however, necessary for us to decide whether appellee could maintain this suit solely in his relation of consignee or not, as the evidence is undisputed that he was the owner of the claim at the time the suit was instituted, which is sufficient in this State, even though he may not have been the owner of the property at the time of its conversion. Railway v. Freeman, 57 Texas, 156.

Appellant is not entitled to a reversal for the failure of the court to charge upon the issue as to it having delivered the property to the agent of the owner, nor as to Bewley being the owner at the time of the conversion, because no such charges were requested by it, and the error, if error, was only one of omission. Also, as stated above, the evidence was undisputed that appellee owned the claim at the institution of the suit,

and the fact that Bewley may have owned the property at the time of the alleged conversion was therefore immaterial.

The judgment rendered by the court allows appellee interest at the rate of 8 per cent after the act reducing the legal rate to 6 per cent took effect. This was error. Where interest is allowed as damages, and not as part of a contract, express or implied, the legal rate at the time of the injury should be allowed to the time the law is changed, and the new rate from that time to the trial. This seems well settled. White v. Lyons, 42 Cal., 279; 1 Suth. on Dam., 2 ed., sec. 368; 1 Sedg. on Dam., 339, and authorities there cited.

The court instructed the jury, among other things, that " if after said goods reached said place of destination, the said company, or its agent, willfully or negligently failed or refused to deliver said goods to the said W. A. Humphries, or to his authorized agent, or to such person as the said Humphries had duly and legally authorized to receive the same—for example, if the said Humphries or his agent had called for said well casing, and tendered his bill of lading and offered to pay the freight charges on the same, and the agent of said company willfully or carelessly failed or refused to deliver the same—then such failure would amount in law to a willful conversion," etc.

There is no evidence in the record upon which to base this charge. Appellee does not pretend that he ever made demand for these goods, either by himself or agent, and met with refusal. They certainly were not refused to Swearingen, and the only other evidence looking toward a demand was a request of the local attorney for pay, not for the goods, a short time before the institution of the suit. It was therefore error for the court to give this charge.

If, however, the evidence should show a conversion without a demand, we might sustain the judgment upon the ground that the court's error was harmless, and we have carefully searched the record with this view. It will be conceded that a conversion by the carrier must be shown in some way to sustain this suit. This is sometimes shown by a delivery made to a wrong person. Railway v. Heidenheimer, 82 Texas, 201; Roberts v. Yarboro, 41 Texas, 449; Railway v. Adams, 49 Texas, 748. If this should appear, no demand would be necessary, because the evidence of the conversion would be complete without it. A conversion may also be shown by a demand made by the proper person and a refusal by the carrier, without lawful excuse. Bish. on Non-Cont. Law, sec. 406. We have, however, been unable to find sufficient evidence of a conversion by appellant in either of these ways to authorize us to disregard the charge of the court upon the ground that no other verdict could have been rendered.

We have called attention above to the only evidence of a demand; and the only evidence of a delivery to a wrong person is contained in the

statement of appellee, " that just before the bringing of this suit he got defendant's local attorney at Meridian to write to the defendant and see if he could get pay for said casing, but that defendant claimed it had been delivered on an order, and refused to pay him." This testimony, unobjected to, would probably require appellant to show to whom this delivery was made, and in the absence of such showing, if properly submitted to the jury, might sustain a finding against it, but is clearly not sufficient to authorize us to sustain the judgment in the absence of such submission. If it be contended that appellant's answer admits a delivery to Swearingen as agent of Bewley, the evidence would at least require the submission to the jury of the question of his authority to receive it, if it would not require a finding that he had such authority.

The judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 18, 1893.