## Texas Central Railroad Company and Cudahy Packing Company v. R. A. Dorsey.

Decided November 12, 1902.

**1.—Shipment—Passing of Title—Pleading.**

Pleading considered and held to sufficiently show that title to goods shipped to plaintiff was in him during the transit, though billed to consignor's order with draft on plaintiff for purchase price attached.

**2.—Estoppel—Consignor and Consignee.**

Goods being shipped on bill of lading consigning them to the shipper or his order, with draft on purchaser for their price attached, paid by him, and the goods delivered, the shipper on claim for damage because goods were spoiled, denied liability for injury after shipment and referred the buyer to the railway for compensation for the loss. Held, that this did not estop either the carrier or the shipper from claiming that the title and right to recover for injury in transit had not passed to plaintiff till payment and delivery, though admissible as evidence of the intention of the parties as to passing title on shipment.

**3.—Consignor and Consignee—When Title Passes.**

A shipment of goods billed by the consignor to himself, to be delivered, with the bill of lading, to another on his payment of draft attached to it for the price, retains the title, prima facie, in the shipper till such payment, but subject to evidence of the real intent of the parties as to when title is to pass. See charge on this subject held erroneous.

**4.—Charge.**

See charge as to duty of carrier in preservation of perishable property unavoidable delayed, held properly refused as inapplicable under the state of the testimony.

**5.—Sale—Passing Title—Presumption—Charge.**

Though one selling for cash has a right to retain possession till payment is made, a charge that the law presumes a sale for cash unless credit is given, was improper where there was evidence which might show an intention to vest title in the purchaser before payment.

**6.—Carrier—Care of Goods—Direction of Shipper.**

A shipper of goods had a right to place in the bill of lading directions as to

their care (that they were not to be iced in transit), and the shipper, not the carrier, would ordinarily be liable if they were damaged by following such directions; but it would be otherwise if the carrier's own delay in transportation made a violation of such directions necessary to preserve the property.

Appeal from the County Court of Hamilton County. Tried below before Hon. J. C. Main.

The sixth special instruction requested by the Texas Central Railroad Company was as follows: "If you believe from the evidence that the defendant, the Texas Central Railroad Company, received the car of meat shipped to plaintiff and that it forwarded same by its first freight train out after the receipt of said car, then there could be no negligence on its part, and you should find in favor of the defendant the Texas Central Railroad Company."

The portion of the general charge given by the court and complained of by the thirteenth assignment by the railway company and the fifth by the Cudahy Packing Company was as follows:

"On the question of the ownership of the property in transit, you are instructed that if the plaintiff made an order to the Cudahy Packing Company for the car load of meat alleged, and that said order was unconditionally accepted by the Cudahy Packing Company; and if you further believe from all the facts and circumstances in evidence before you that said Cudahy Packing Company segregated and set apart to the plaintiff upon said order the meat ordered without any reservation of title in themselves so that said meat could be distinguished and identified from other meat then owned by and in the possession of the said Cudahy Packing Company, then in law such a transaction would constitute a sale and delivery of the meat alleged to the plaintiff, and the title thereto would vest in the said plaintiff at the factory of the Cudahy Packing Company, and the title thereto would be in the plaintiff during the transit and he would be entitled to maintain an action for damages to such property."

The sixth assignment of error by the Cudahy Packing Company was as follows:

"The court erred in refusing to give to the jury this defendant's special charge number 1, which is as follows: 'If you believe from the evidence that the car of meat in question was delayed while in possession of the defendant Texas Central Railroad Company, and that such delay was not negligence on its part but was unavoidable, then in that case the said defendant would, during such delay, be required to give to such car all reasonable care and attention necessary for its care and preservation, and failure to do so would be negligence as herein elsewhere defined.'"

The eighth assignment of error by the packing company, referred to in the opinion, was as follows:

"The court erred in refusing to give to the jury this defendant's special instruction number 3, which is as follows: 'That in all contracts of sale where there is no credit given the law presumes a sale

for cash, and then in case of a sale for cash the seller is entitled to retain possession of the goods until payment is tendered, and in this connection you are instructed that if you find that this sale was made by telegraph that unless there was a sale on credit, or payment was made at the same time, then in that case the Cudahy Packing Company had the right to hold possession of the goods until the purchase price was paid.'"

*Eidson & Eidson* and *Clark & Bolinger,* for appellant, the Texas Central Railroad Company.

*J. Van Steenwyck,* for appellant Cudahy Packing Company.

*Dewey Langford,* for appellee.

FISHER, CHIEF JUSTICE.—This suit was originally brought by appellee, Dorsey, against the Texas Central Railroad Company, for the value of certain meat shipped to him at Hico, Texas, by the Cudahy Company. The plaintiff alleged that the meat was spoiled and lost to him on account of the negligent handling and delay by the Texas Central Railroad Company. The Texas Central Railroad Company impleaded the Cudahy Company, and asked that, in the event that judgment was recovered against it, it recover over against the Cudahy Company; in effect alleging that the meat was spoiled when shipped, or before it was received by the railroad company; and that their failure to ice the meat was on account of instructions given by the shipper, the Cudahy Company, that the meat should not be iced in transit.

The plaintiff, in his first amended petition, upon which the case, in connection with his supplemental petition, was tried, alleged that the meat was in good condition when shipped by the Cudahy Company; that the plaintiff was the owner of the meat and had purchased the same from the Cudahy Company, and that upon arrival of the meat at Hico and after the receipt of the same by him, he discovered its damaged condition; that the meat was spoiled and unsalable, to plaintiff's damage $450; that this damage was caused by the Texas Central Railroad Company negligently permitting the car of meat to remain for a long time, about four days, on its track at the town of Cisco without icing the meat, which was necessary in order to preserve the same; and alleges that the Cudahy Company negligently, and without plaintiff's consent, caused to be inserted in the bill of lading under which said meat was shipped, an instruction to the effect, "do not ice," whereby said meat was not iced after the first icing with which it was shipped had melted; that by reason of this instruction, the Cudahy Company was also responsible and liable for the damages arising from the loss of the meat.

The defendants pleaded that the plaintiff was not the owner of the meat any time during its transit; that he only became the owner when

the meat was delivered to him at Hico; that the damages he complained of were sustained prior to that time, and at a time when the Cudahy Packing Company was the owner.

Plaintiff by supplemental petition reiterated his ownership in the meat at the time that the damages were sustained; and further alleged the following, which is claimed by him to constitute an estoppel against the defendants from denying his title to the meat: "That shortly after ascertaining the amount of damages to said meat, this plaintiff presented a claim for the same to said Cudahy Packing Company, and asked that the same be allowed and paid; that after considering the same, the said Cudahy Packing Company announced to plaintiff that it would not pay said claim, and if said goods were damaged, it was through the fault and negligence of the Texas Central Railroad Company, and that plaintiff would have to collect his claim of said railroad company, and not of said packing company; that thereby, this plaintiff was induced to bring this suit against the Texas Central Railroad Company, being led by the acts and conduct of said packing company to believe that it did not in effect claim any interest or title to the car of meat at the time said damage occurred."

Verdict and judgment in the court below were in favor of the appellee, Dorsey, against the Texas Central Railroad Company for the sum of $405, with interest and costs; and judgment in favor of the Texas Central Railroad Company over against the Cudahy Packing Company for the same amount, interest and costs. Both appellants have appealed and assign errors.

The railway company's third assignment of error complains of the action of the court in overruling a special exception, wherein it is claimed that the allegations of plaintiff's petition do not show a completed sale of the meat by the Cudahy Packing Company to the plaintiff. The court committed no error in its ruling upon this question. The averments of the petition, in connection with the statements made in the supplemental petition, sufficiently allege ownership.

Both appellants presented demurrers, which were overruled, assailing that part of the supplemental petition which seeks to allege in the plaintiff a title by estoppel; and there are other assignments which complain of the ruling of the court in submitting the question of estoppel to the jury. In our opinion, all of these assignments of error are well taken. The facts set out in plaintiff's supplemental petition, in our opinion, do not constitute an estoppel. It was a mere declaration and statement by the Cudahy Packing Company that it was not responsible, but that the Central Railroad was liable to the plaintiff for the damages sustained. While this statement could not be given the effect of an estoppel, it was proper to be considered in evidence bearing on the question of title of the carload of meat at the time that the damage was sustained. This statement would have some weight as evidence bearing on the intention of the parties concerning the title to the property. It was not necessary that this statement should be pleaded in

order to render it admissible. It could and would be properly admitted under the plaintiff's general allegation of his title and ownership in the property at the time it was damaged. The general rule, in cases of this character, relating to the subject of title is, that prima facie title is vested in the party mentioned in the bill of lading as consignee; but the acts, declarations, and statements of the parties before, at the time of, and subsequent to the shipment, are admissible in evidence for the purpose of showing that the intention was that some one else not named as consignee, was regarded as the owner of the property shipped. And it is on this theory that the statements claimed by the plaintiff to constitute an estoppel would be admissible, for what they are worth, as evidence showing that it was the intention of the Cudahy people to regard the plaintiff as the owner of the property during the period of its transportation to Hico. The property in question was consigned by the Cudahy Packing Company to itself, to be delivered, together with the bill of lading, to the plaintiff when the draft for its price was paid. Under this state of facts, the prima facie title was in the Cudahy Company at the time it is claimed that the property was damaged. But, as said before, this evidence of title is subject to be rebutted and controlled by the conduct, acts, and statements of the parties, which might be of force sufficient to show an intention to vest the title in the plaintiff Dorsey prior to the time that the draft was paid and the goods actually delivered to him.

The railway company by its pleading charged that the meat was damaged at the time it was shipped or before it was received by it. Of course, if this was the case, the railroad company would not be responsible; and upon another trial, this issue should be distinctly submitted to the jury.

In view of the evidence in the record, there was no error in refusing to give the sixth special charge requested by the Texas Central Railroad Company.

We are of the opinion that the court erred in giving the charge complained of in the railroad company's thirteenth and the Cudahy Company's fifth assignments of error. The facts in the record do not authorize the charge as broadly given. The evidence does not show that the Cudahy Packing Company accepted the plaintiff's order for the meat unconditionally and without any reservation of title in themselves. When the meat was shipped, nothing was said as to the terms of payment, or how the bill of lading should be framed and who should be mentioned and named as consignee. It was shipped with the bill of lading, in effect naming the Cudahy people as consignee, with instructions to deliver to the plaintiff upon payment of the draft. The rule upon this subject has already been discussed, and need not be repeated.

In view of the facts in the record, we do not think there was any error in the court's refusing the charge requested by the Cudahy Company as set out in its sixth assignment of error.

The charge complained of in the eighth assignment of error is not correct as a whole. Therefore, there was no error in the court's refusing it. While it may be true that the law would or would not presume a sale, except under a certain state of facts, still, in a controverted issue as to the title, it would not be proper for the court to state that the law would not presume a sale unless cash was paid or the goods actually delivered. It is doubtless true that the Cudahy Packing Company would have the right to retain possession of the goods until the purchase price was paid; but, notwithstanding this, the facts might show that the intention was to vest such title in the purchaser as would authorize him to maintain an action to recover the damages sustained.

In view of another trial, we will indicate our views as to the respective liability, if any, of each of the appellants. The Cudahy Company, as shippers, had the right to place in the bill of lading directions concerning the conduct of the railway company towards the shipment, while the same was in its possession. Gillett v. Railway, 68 S. W. Rep., 61. The railway company had the right to observe and obey the statement not to ice, provided they were not guilty of negligence in delaying the transportation; but if there was an unreasonable delay in transporting the car by the appellant railway company, it would become its duty to ice the car if necessary to the preservation of its contents; and if the failure to do this, or the negligent delay, occasioned the loss, this would be the proximate cause of the damages sustained and the railway company should be held responsible and not the Cudahy Company. If the railway company was not negligent in these respects, then it should not be held liable. If the Cudahy Company was guilty of negligence in giving the instructions not to ice, and by reason thereof the loss occurred, they would be responsible, and not the railroad company.

*Reversed and remanded.*