Texas & New Orleans Railway Company v. W. B. Pullen.

Decided June 26, 1903.

**1.—Jury Trial—Right to—Special Venire.**

Where the court. after the regular venire of jurors drawn for that week by the jury commissioners had been duly impaneled, discharged them for the term without the knowledge or consent of a party whose case was set for that week, it was error for the court to compel such party, over objection duly made, to take a jury from a special venire selected by the sheriff, or else waive the right to a trial by jury.

**2.—Same—Challenge to Array—Statute Construed.**

Article 3150, Revised Statutes, providing that a challenge to the array of jurors may be made only on the ground that the officer summoning them acted corruptly, applies only to venires summoned by the sheriff under a valid order of court, and does not restrict the right of the litigant to question the power of the court to order a venire summoned.

Appeal from the District Court of Cherokee. Tried below before Hon. Tom C. Davis.

*Baker, Botts, Baker & Lovett* and *Wilson, Box & Watkins,* for appellant.

*Campbell & McMeans* and *Guinn, Norman & Guinn,* for appellee.

PLEASANTS, Associate Justice.—This suit was brought by appellee to recover damages for injury to his property alleged to have been caused by the construction and operation by appellant of its railroad over and along its right of way and across Bolton Street in the town of Jacksonville, in Cherokee County, said right of way and street being adjacent to appellee's property. By agreement of the parties and with the consent of the judge the case was set for trial in the court below on Thursday of the second week of the term of court. For this week of the term a venire had been regularly drawn by jury commissioners, and on Monday of said week appeared and were sworn and impaneled as the regular venire for said week. Appellant had at the proper time demanded a jury and deposited the fee therefor as required by law. On Tuesday of said week, without the consent or knowledge of appellant, the court discharged said jury for the term, and when this case was called for trial on Thursday required the appellant to take a jury from a venire selected by the sheriff under the direction of the court, or else waive its right to a trial by jury. The appellant objected to this action of the court, moved to quash the venire summoned by the sheriff, and, said motion having been overruled, tendered a proper bill of exceptions to said proceedings, which was allowed and signed by the trial judge.

One of the objects sought to be attained by our statutes directing the manner in which juries shall be selected is to secure jurors who are free from local prejudice and influence, and, as conducive to this result,

the statutes provide that jurors shall be selected by jury commissioners appointed by the court and taken from different portions of the county, and that the commissioners thus appointed shall select citizens of different portions of the county to serve as jurors. From the very nature of things this result can not be so easily obtained when the selection of jurors is left to the sheriff or other officer appointed by the court. The time usually allowed such officer to select and summon a venire is not sufficient to enable him to select them from different portions of the county. In addition to this he has not the means and opportunity of ascertaining the persons best qualified to serve as jurors that is afforded jury commissioners appointed under the provisions of the jury law.

The right thus conferred upon litigants to have their cases tried by juries selected in the manner directed by law is a substantial, valuable right, of which they can not be arbitrarily deprived. The statute does not wholly deprive courts of the power to cause jurors to be selected and summoned by its officers, but, recognizing the evils which result from the selection of juries in this way, it provides for their selection by jury commissioners and only authorizes courts to have juries selected otherwise than by commissioners appointed for that purpose when from any cause such commissioners have not been appointed at the time prescribed by law, or have failed to select jurors as required, or the panels selected have been set aside, or the list of jurors so selected has been lost or destroyed. Rev. Stats., art. 3022. None of the contingencies mentioned in this statute having occurred, we think the court below had no power to force the appellant to try its case before a jury not selected in the manner prescribed by the statute.

Appellee contends that appellant's motion to quash the venire summoned by the sheriff was properly overruled, because the only ground recognized in the statute for a challenge to the array of jurors is that the officer summoning same acted corruptly, and willfully summoned jurors known to be prejudiced, and the motion to quash made by appellant was not based on this ground. Rev. Stats., art. 3150. This article of the statute only applies to venires which have been summoned by the sheriff under a valid order of the court, and does not restrict the right of the litigant to question the power of the court to order a venire to be summoned by the sheriff and to substitute such venire for one regularly drawn by jury commissioners and which had been duly sworn and impaneled. Except in the contingencies mentioned in article 3150, or when the parties to a suit have knowingly agreed to set their case for trial at a day of the term when no regular venire drawn by jury commissioners is present, and have thus waived their right to a trial by such venire, such right can not be disregarded by the courts.

In his qualification of the bill of exceptions the trial court states as his reason for the discharge of the regular venire that the business of the court did not require the attendance of said venire on Tuesday and Wednesday, and this case being set for Thursday, he did not desire to

keep the jury in attendance during the two days in which their services were not needed. We think it clear that upon the facts shown in the bill of exceptions the action of the court in forcing appellant to a trial by a jury selected by the sheriff was unauthorized, and requires a reversal of the judgment.

The question presented in the second, third and fourth assignments of error has been determined adversely to appellant's contention in the case of Railway Co. v. Eddings, 30 Texas Civ. App., 170, 70 S. W. Rep., 98, decided by this court. In accordance with the doctrine announced in that case none of these assignments can be sustained.

The remaining assignments will not be considered as they raise only the question of excessiveness in the verdict, and in view of another trial of the case it is not proper for us to discuss or pass on the evidence upon this issue.

For the error of the court in depriving appellant of the right to a trial by a jury selected in the manner prescribed by law; the judgment is reversed and the cause remanded.

*Reversed and remanded.*