## STALEY v. COLONY UNION GIN CO.

(Court of Civil Appeals of Texas. Amarillo. Jan. 31, 1914.)

1. BAILMENT (§ 16*)—CONVERSION BY BAILEE.
　　To constitute a conversion by a bailee, there must be such an intention of deviation from the contract as would be equivalent to an assertion of diminution over the property, inconsistent with the bailor's right of ownership.
　　[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 64–74; Dec. Dig. § 16.*]

2. BAILMENT (§ 33*)—CONVERSION BY BAILEE.
　　An instruction, in an action against a gin company for conversion of cotton, claimed by defendant to have been stolen, requiring it to exercise ordinary care in keeping the cotton and requiring a finding for it, if it did exercise ordinary care in keeping it properly marked and tagged, places a greater burden upon the company than does the law.
　　[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 56; Dec. Dig. § 33.*]

3. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—INSTRUCTION.
　　Appellant cannot complain on appeal of an instruction which placed a greater burden on appellee than the law authorized.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

4. BAILMENT (§ 16*)—CONVERSION BY BAILEE—REFUSAL TO DELIVER.
　　A bailee's refusal to surrender possession of the property on demand is not of itself a conversion, but only evidence thereof, which is open to explanation as by showing that it has been lost without the bailee's fault, etc.
　　[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 64–74; Dec. Dig. § 16.*]

5. BAILMENT (§ 31*)—NEGLIGENCE OF BAILEE—THEFT OF BAILED PROPERTY.
　　Theft of bailed property is not presumptive evidence of the bailee's negligence, and he is not liable if it was stolen without his fault.
　　[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131; Dec. Dig. § 31.*]

6. APPEAL AND ERROR (§ 601*)—STATEMENT OF FACTS—INCORPORATION IN TRANSCRIPT.
　　The statement of facts should be sent up to the Court of Civil Appeals separately, and a copy filed in the office of the county clerk, and should not be incorporated in the transcript.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2651–2653; Dec. Dig. § 601.*]

Appeal from Wilbarger County Court; J. B. Copeland, Judge.

Action by C. R. Staley against the Colony Union Gin Company, From a judgment for defendant, plaintiff appeals. Affirmed.

Cook & Cook and R. S. Houssels, all of Vernon, for appellant. Storey & Warlick, of Vernon, for appellee.

HALL, J. This suit originated in the justice court of Wilbarger county, and was instituted to recover the value of two bales of cotton alleged by appellant to have been converted by appellee. The defendant company answered by general denial, and specially that it was not required to redeliver the cotton which had been left with it for ginning purposes by plaintiff; that after it had received the cotton sued for, it was ginned and delivered to plaintiff on the yard or platform of the gin, which was the full extent of their duty. The answer further alleges that it was the custom to so deliver cotton, and it was not the duty of the company to further protect it after it had been ginned.

[1] The charge of the court is made the basis of the principal errors assigned. The first paragraph of the charge was evidently taken from the case of G., C. & S. F. Ry. Co. v. Humphries, 4 Tex. Civ. App. 333, 23 S. W. 556, and is to the effect that, in order to constitute a conversion by a bailee, there must be such an intention of deviation from the contract as would be tantamount to an assertion of right of dominion over the property, inconsistent with the bailor's right of ownership. Appellant insists that there is no question of conversion, either in the pleadings or evidence, and the court has charged upon an issue foreign to the case. As heretofore stated, the suit was for conversion and there is some evidence in the record tending to show that an employé of the company by the name of Mundy had made away with the cotton. This paragraph of the charge was proper.

[2, 3] The second paragraph of the charge refers to the first, and instructs the jury that if they should find from the evidence there was such contract between plaintiff and defendant as set forth in the preceding paragraph, and should find that there was such a deviation from said contract as is set forth in the first paragraph, then to find for plaintiff, unless they should find for defendant under subsequent instructions. The subsequent paragraphs of the charge instruct the jury with reference to the necessity on the part of defendant to exercise ordinary care in keeping the cotton, and further in the third paragraph instructs the jury if it should be found that defendant exercised ordinary diligence in keeping it properly marked and tagged, then to find for defendant. This portion of the charge placed a greater burden upon the appellee than the law would authorize, and therefore cannot be a ground of complaint on the part of appellant.

[4] It is said in 2 Cooley on Torts, p. 872: "The refusal to surrender possession in response to a demand is not of itself a conversion; it is only evidence of a conversion, and like other inconclusive acts, is open to explanation. It may, for instance, be shown that the property has perished or been lost without the bailee's fault, and that he does not surrender possession simply because it has become impossible." Under this rule the appellant certainly did not establish a case of conversion. It is further said in the same paragraph: "Thus in trover for three bales of cotton the plaintiff's evidence showed that he held and owned certificates for the cotton in the defendant's warehouse; that the plaintiff's agent made demand therefor; that at the time of the demand the agent and the defendant searched through the warehouse for it, and did not find it; and that it had not been found or received by the plaintiff. The defendant's evidence showed that the cotton was not in his possession at the time of the demand or afterwards, and that it had not been delivered to any one else. This evidence was held insufficient to sustain the action, and the court says: 'Without pursuing further an examination of authorities, it may safely be said that a mere failure by a bailee, on demand made, to deliver goods which have been intrusted to him, is not a conversion which will support an action of trover, if he sets up no title hostile to or inconsistent with the title of the bailor, or has not appropriated them to his own use, or to the use of a third person, or exercised over them a dominion inconsistent with the bailment. * * * The failure to deliver, unexplained, raises a presumption of negligence against them, and may involve them in a liability for a breach of the contract of bailment, or for negligence in the performance of the duty springing from the contract, but it is not the conversion.' * * * Davis v. Hurt, 114 Ala. 146, 21 South. 468."

The theory of the appellee in this case is that the property was stolen from its yard after it had been ginned. C. B. Mason, one of the officers of the appellee company, testified that he was familiar with the custom of gins in receiving and delivering cotton, and that after cotton is ginned it is rolled out on the platform, and if the party is not there to receive it, "it is dumped out on the ground"; that the defendant never asserted or claimed any money or benefits for cotton after it had been ginned and left there for some time, and that no storage was ever charged. It further appears from the statement of facts that the appellant was buying a great deal of cotton from this gin and elsewhere, and had wagons engaged to haul it from the gin to the railway station, and must be held to have had knowledge of this custom.

[5] "Theft is not presumptive evidence of

the bailee's want of ordinary care." Mills v. Galbreth, 47 Me. 320, 74 Am. Dec. 487, and note. "Where the property is stolen the bailee is not liable unless he was guilty of gross negligence in his care of it." Tancil v. Seaton, 28 Grat. (Va.) 601, 26 Am. Rep. 380; Schmidt v. Blood, 9 Wend. (N. Y.) 268, 24 Am. Dec. 154, and notes. "Proof that the property has been stolen without ordinary neglect on the part of the bailee is a good defense for him." Woodruff v. Painter, 150 Pa. 91, 24 Atl. 621, 16 L. R. A. 451, 30 Am. St. Rep. 786. "A cotton ginner is held only to ordinary diligence and care in the custody of cotton delivered to him to be ginned, and if it was stolen without his fault, it would be an excuse." Kelton v. Taylor, 11 Lea (Tenn.) 264, 47 Am. Rep. 284.

There being no proof in the record that appellee had converted the property, and the evidence having shown that appellant had stated in the presence of a number of witnesses that he had four bales of cotton more than he had purchased, and it further appearing that this cotton was handled according to the usual custom and usage of that and other gins, we think no other verdict could have properly been rendered, and the court did not err in overruling the motion for new trial.

[6] We call the attention of counsel to the fact that the statement of facts in this case is incorporated in the transcript. Under the practice now existing, it should have been sent up separately, and a copy filed in the office of the county clerk. Appellant's assignments of error are subject to the objections urged against them by appellee, but we have waived the objections and overruled appellee's motion to strike out the brief.

The charge of the court upon the question of contract was not warranted by any phase of the pleadings or evidence, but no injury is shown, and in our opinion the appellant has not been injured, and the judgment is affirmed.