### EVANS v. SYPHRETT. (No. 8086.) *

(Court of Civil Appeals of Texas. Galveston. Dec. 1, 1921. Rehearing Denied Jan. 12, 1922.)

**1. Jury ⬅25(6)—Court held not to err in permitting case to go to trial without jury.**

Method for procuring juries for district and county courts provided in Rev. St. 1911, arts. 5132–5136, is not exclusive, and where party in county court did not make application for jury trial in open court on first day of term, but demanded one the day before case was set for trial, there was no error in permitting the case to be tried in the absence of such party, and not continuing the case until a jury trial could be had, although there was no jury in attendance on the first day of the term as provided by articles 5132–5135, since a jury could have been obtained under article 5127, which is made applicable to county courts by article 5132.

**2. Partnership ⬅55—Evidence held to sustain finding of partnership.**

In an action against several individuals as partners in the hotel and rice business, evidence *held* sufficient to support a finding that a partnership did in fact exist.

Appeal from Chambers County Court; Joe F. Wilson, Judge.

Suit by D. W. Syphrett against Mrs. J. Lynd Evans and another. Judgment for plaintiff, and the named defendant appeals. Affirmed.

C. A. Lord, of Beaumont, for appellant.
A. W. Marshall, of Anahuac, for appellee.

LANE, J. This suit was instituted in the county court of Chambers county on the 9th day of March, 1920, by appellee, D. W. Syphrett, against appellant Mrs. J. Lynd Evans and one H. B. Payne, as partners doing business under the firm name of Winnie Hotel.

---

For cause of action it was alleged that during the year 1919 Mrs. J. Lynd Evans and H. B. Payne were conducting a hotel business at Winnie, Tex., under the firm name of Winnie Hotel, and that during said year plaintiff sold and delivered to H. B. Payne, for said firm, certain merchandise for which they contracted and agreed to pay him the sum of $304.91.

Mrs. Evans answered by general denial and specially denied the existence of the partnership alleged by the plaintiff.

The cause was twice continued, and at the November term, 1920, of said court, said cause was set for hearing for the 17th day of said month.

On the 16th day of November, for the first time, appellant demanded a jury and deposited the fee required therefor.

The cause was called for trial on the 17th day of November, 1920, whereupon the court's attention was called to the fact that the defendant had demanded a jury and had paid the jury fee. The court held, however, that no legal demand for a jury had been made, and as no jury had been summoned for that term of court, the defendant was not entitled to have the cause continued for the purpose of having a jury trial. Neither the defendant nor her attorney appeared on the said 17th day of November, 1920, the day set for the trial of the cause, and the plaintiff having demanded a trial, the court permitted the trial to proceed without a jury.

After hearing the evidence offered by the plaintiff, judgment was rendered in his favor against H. B. Payne and Mrs. J. Lynd Evans under the partnership name of "Winnie Hotel," and against Mrs. Evans personally for the sum of $304.91. From this judgment Mrs. J. Lynd Evans has appealed.

At the request of counsel for appellant the trial judge filed his findings of fact and conclusions of law. Among such findings and conclusions are the following:

### "Facts.

"I further find as facts that this case was continued twice heretofore upon the application of J. Lynd Evans, and that at no time was a jury demanded until the day before the day set for trial, November 16, 1921. That the first day of this term of court was November 1, 1920, and no jury was demanded on that day.

### "Law.

"I further find (conclude) that the defendant J. Lynd Evans was not entitled to a jury by virtue of her paying the jury fee the day before trial, and demanding a jury then for the first time."   (Word in parenthesis ours.)

The fact findings of the court set out above are not challenged, but to the contrary seem to be conceded by appellant.

[1] The first contention made by appellant for a reversal of the judgment is that she was entitled to have a trial by a jury upon her demand for a jury, made on November 16, 1920, one day before the day on which the cause was set for trial, and that in view of the fact that no jury had been selected or drawn for the November term, 1920, of the county court of Chambers county as required by articles 5132 and 5135 of our Revised Statutes, the court erred in permitting the case to go to trial before the court without a jury, although she was not present on the day set for trial, as she had demanded a jury and paid the jury fee. In other words, she contends that under the circumstances stated she did not lose her constitutional and legal right of trial by jury by reason of her failure to demand a jury on the first day of the trial term of the court, notwithstanding that by article 5175 of the Revised Statutes it is provided that—

"Any party to a civil suit in the district or county court desiring to have the same tried by a jury, *shall make application therefor in open court on the first day of the term of the court at which the suit is to be* tried, unless the same be an appearance case, in which event the application shall be made on default day." (Italics ours.)

That she was entitled to have the jury as drawn summoned and qualified as required under said articles 5132 and 5135; that had she demanded a jury on the first day of the term there was no jury in attendance and none had been provided for, and it would therefore have been impossible for her to have had a jury, which had been drawn under the provisions of the law, to try her case, and therefore the court erred in permitting the case to be tried in her absence without a jury; that she had the right to expect under such circumstances the cause would be continued for the term so that a properly drawn jury might be procured.

The contention of appellant cannot be sustained. The method for procuring juries for the district and county courts provided in articles 5132 to 5136, inclusive, of the Revised Statutes is not the only method provided therefor. It is provided by article 5127 of said statutes:

"If from any cause the jury commissioners should not be appointed at the time prescribed, or should fail to select jurors as required, or should the panels selected be set aside, or the jury lists returned into court be lost or destroyed, the court shall forthwith proceed to supply a sufficient number of jurors for the term under the provisions of this title, and may, when it may be deemed necessary, appoint commissioners for that purpose. (Id. Sec. 13)."

See H. E. & W. T. Ry. Co. v. Vinson, 38 S. W. 540; T. & P. Ry. Co. v. Fambrough, 55 S. W. 188; Lang v. Henke, 22 Tex. Civ. App. 490, 55 S. W. 374; Ry. Co. v. Pullen, 33 Tex. Civ. App. 143, 75 S. W. 1084; Gray v. Phillips, 54 Tex. Civ. App. 148, 117 S. W. 870.

While article 5127 is a part of the chapter providing for the manner of procuring juries for the district courts, it is made applicable to the county courts by article 5132, Revised Statutes, which provides as follows:

"The county court shall, at its first term after the thirty-first day of December and the thirtieth day of June of each year, appoint three persons to perform the duties of jury commissioners for said court, who shall possess the same qualifications as jury commissioners for the district court, and the same proceedings shall be had in the county court by the officers thereof and by the commissioners for procuring jurors as are required by this title for similar proceedings in the district court, except as modified by the provisions of this chapter."

It is clear, we think, that the trial court in the instant case had the power to procure a jury under the provisions of article 5127 and that appellant could not ignore the provisions of that article, hereinbefore quoted, absent herself from the court on the day of trial, and then have the judgment rendered against her set aside on the grounds that she had the right to have the case continued so that she might have a jury drawn under the provisions of article 5132 et seq. to try her case.

We have carefully examined the entire record and have failed to discover any reasons, either legal or equitable, why the trial judge should have continued the case for the term or have postponed the case beyond the time set for its hearing on the first day of the trial term. But, to the contrary, there is abundant evidence, we think, which shows that the court did not abuse the discretion lodged with him in refusing to either continue or postpone the case so that the appellant might have a jury trial.

[2] The only other contention for reversal of the judgment is that the court erred in rendering judgment against Mrs. J. Lynd Evans because there was no evidence to establish that Mrs. Evans and H. B. Payne were partners, as alleged by the plaintiff.

We are unable to agree to this contention. The plaintiff testified that defendant Mrs. J. Lynd Evans came to him in 1919 and advised him that she and H. B. Payne were in business together at Winnie, Tex.; that they were conducting a partnership in the rice business and in running the Winnie Hotel; that Mr. H. B. Payne was the manager of the business and that she was furnishing the money, and that she also told him that anything H. B. Payne did was all right; that later, and before the account sued on was contracted, H. B. Payne asked him to carry an account for the Winnie Hotel, which he said he and Mrs. Evans were running; that it was generally understood and known in and about Winnie that Mrs. Evans and Payne were partners in running the Winnie Hotel and in the rice business; that the hotel business was conducted under the name of the "Winnie Hotel"; that Mrs. Evans knew that the account sued on was being run and had advised him that the same was all right; that he furnished the goods shown in the account to the Winnie Hotel and to the partnership mentioned, upon the request of the defendants; that he made demand for payment of said account upon Mrs. Evans, and she did not deny that she owed the same, but she stated that if she paid this account there were numerous others that she would have to pay also.

This is all the evidence found in the statement of facts bearing on the question of partnership alleged by plaintiff.

We think such evidence was sufficient to support the findings of the court that such partnership did in fact exist.

Having reached the conclusions above expressed, it becomes our duty to affirm the judgment, and it is therefore accordingly so done.

Affirmed.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 1, 1922.