**ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. YORK et al.    (No. 968.)**

(Court of Civil Appeals of Texas. Beaumont. May 16, 1923. Rehearing Denied May 30, 1923.)

1. Carriers ⚖➡76—Title to cotton did not pass in sale conditioned on delivery.

In action by shippers for delay in delivery of cotton sold to a cotton buyer conditioned on delivery within 48 hours, title not having passed, the action for damages was in shippers, and not in buyer.

2. Jury ⚖➡110(9) — Voluntary submission of cause to picked-up jury held waiver of irregularities.

Defendant, not having excepted or objected to actual trial before a picked-up jury by moving for a continuance on that ground and having voluntarily submitted its case to the jury, waived irregularities and errors as to trial.

3. Carriers ⚖➡104—Evidence of other shipments prior to actual shipment of plaintiff's cotton held competent.

In action for damages for delay in shipment of cotton under a contract to deliver within 48 hours, there was no error in receiving evidence that defendant shipped other cotton from the place of consignment to destination prior to actual shipment of plaintiff's cotton.

Appeal from Henderson County Court; Joe A. Johnson, Judge.

Action by J. R. York and others against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiffs, and defendant appeals. Affirmed.

Earnest A. Landman, of Athens, and Richard Mays, of Corsicana, for appellant.

Miller & Miller, of Athens, for appellees.

WALKER, J. Appellees' case rested on the following facts, duly pleaded by them:

On or about the 1st day of November, 1920, they were the owners of 10 bales of cotton at Trinidad, Henderson county, Tex. On that day they sold this cotton to a cotton buyer at Athens, Tex., conditional on delivering the cotton to him at Athens within 48 hours. Immediately after making this sale, they delivered the cotton to appellant's agent at Trinidad, informing the agent of the conditions of their sale, and the necessity for immediate delivery of the cotton, and with knowledge of these facts appellant accepted the cotton and agreed to ship it out in time to be delivered at Athens within 48 hours. Appellant's agent at Athens, who had general charge over the Trinidad agent, with authority to give him orders as to receiving and shipping freight, instructed the Trinidad agent to ship the cotton on that day on which it was received. The cotton was not shipped out until the 15th day of November following its delivery, and in the meantime appellees lost their sale, because of a marked decline in the cotton market, whereby they suffered the damages sued for.

Appellant's defense, which is supported by testimony, was to the effect that they were unable to ship the cotton on the date received, because of an embargo which, under the rules of the company, prevented it from shipping the cotton to Athens, and that it delivered the cotton at the earliest possible moment. Appellant also denied the contract as pleaded by appellees, and raised the issue, both by its pleading and testimony, that appellees delivered the cotton to them for shipment with full knowledge of the embargo, and that it could not be shipped out within 48 hours.

---

The case was submitted to the jury on the following issues, answered as indicated:

"(1) Did Pearl Quinn put the cotton on the wharf at the time described by him? Answer yes or no." Answer: "Yes."

"(2) Did Pearl Quinn instruct the railroad agent at Trinidad to ship the plaintiff's cotton to Athens, Tex.? Answer yes or no." Answer: "Yes."

"(3) Was the agent of the defendant at Trinidad, Tex., advised by Mr. Thompson, the agent at Athens, that the cotton could be shipped at once, and that the embargo described by the witness from Arkansas was not an impediment? Answer yes or no." Answer: "Yes."

"(4) Did Mr. Thompson, the agent at Athens, Tex., instruct the agent at Trinidad to ship plaintiff's cotton by telegraphic conversation, about the 1st of October, 1920, and at the time described by Mr. Murchison? Answer yes or no." Answer: "Yes."

"(5) Did the plaintiffs in this case sell the 10 bales of cotton to Murchison conditioned that they would deliver it at Athens within two days after the day of sale? Answer yes or no." Answer: "Yes."

"(6) What was the difference between the market value of the cotton at the time it was conditionally sold to Mr. Murchison and the time it was received at Athens 15 days later? That is, the 6 bales." Answer: "Five cents per pound."

"(7) What was the difference between the market value of the cotton at the time it was conditionally sold to Mr. Murchison and the time it was received at Athens, 15 days later? That is, the 4 bales." Answer: "Six and one-half cents."

### Opinion.

[1] It is not necessary to discuss the effect of the embargo and appellant's rights under its defenses, because the evidence fully sustains the findings of the jury on all the issues submitted. This disposes of all of appellant's propositions involving fact issues. Appellant's plea in abatement, to the effect that appellees had no cause of action for the delay in the shipment of the cotton, was properly denied. Under appellees' plea, their sale of the cotton was conditional on its delivery. Hence the title did not pass to the cotton buyer, and the cause of action for the damages suffered because of the delay in shipment was in appellees and not the cotton buyer.

[2] Appellant's bill of exception No. 1 is as follows:

"Be it remembered that the county judge set this case for trial on December 12, 1921, and that there was no regular drawn jury for the said December 12, 1921, and that E. A. Landman, attorney for defendant, did not agree to said setting, but objected and excepted to same for the reason that there was no regular jury from which to select a jury of six to try the case, and be it further remembered that said case was later reset for December 14, 1921 in the absence of attorney representing defendant, and be it further remembered that as soon as the attorney for defendant learned of resetting of case on December 14, 1921, that said attorney again objected and excepted for the reason that there was no regularly drawn jury from which to select the jury and that defendant objected to a picked-up jury and would not agree to a picked-up jury, and objected and excepted for the reason that the jury which tried the case was a picked-up jury and not formed according to law.

"The court overruled said contention of defendant's attorney and proceeded to try this case with a picked-up jury, and to this action of the court defendant then and there in open court excepted, and here now tenders this bill of exceptions, and prays that the same may be examined, signed, and approved by the court and ordered filed as a part of the record of this case."

This bill shows no error for the following reason: (1) Because it does not appear that appellant demanded a jury, nor that it paid the jury fee, nor that the case was placed on the jury docket in time for a trial before the regular jury. (2) While appellant excepted to the setting of its case at a time when there was no regular jury in attendance upon the court (which setting the court should not have made, provided the case was regularly on the jury docket. Railway Co. v. Pullen, 33 Tex. Civ. App. 143, 75 S. W. 1085; Gray v. Phillips, 54 Tex. Civ. App. 148, 117 S. W. 870), it did not except and object to the actual trial of the case before the picked-up jury by moving for a continuance on that ground. Having voluntarily submitted its case to that jury and taken its chances on a favorable verdict, it waived irregularities and errors committed in respect to the matters complained of in its bill, and is estopped to urge them on this appeal.

[3] The court did not err in receiving evidence to the effect that appellant shipped other cotton from Trinidad to Athens prior to the actual shipment of appellees' cotton.

The judgment of the trial court is in all things affirmed.