## WICHITA VALLEY RY. CO. v. FRIEDMAN & LANDAU. (No. 1614.)

(Court of Civil Appeals of Texas. El Paso. April 24, 1924. Rehearing Denied May 15, 1924.)

**1. Sales ⟜197—Order for shoes conditioned on time of shipment' held conditional contract of sale.**

Where buyer's order for shoes was conditioned that delivery be made by a certain date, the contract was conditional, as distinguished from a warranty which does not suspend the completion of the sale.

**2. Sales ⟜197—Titles to goods, ordered under conditional contract, held not to pass to buyer on seller's breach of condition precedent not waived by buyer.**

Where a seller, under a conditional contract of sale of shoes, breached the condition precedent by shipping the shoes after agreed time, and the buyer refused to waive the breach and accept the shoes, title to them did not pass to the buyer.

**3. Sales ⟜197—Cause of action for loss of goods sold to buyer after their destruction held in seller.**

Where a shipment of shoes, thought by both parties to be at a railroad depot to which they were shipped by seller, was not in existence when the buyer purchased them, they having been destroyed by fire at the depot, the cause of action for their loss was in the seller, and not in the buyer.

Higgins, J., dissenting.

Appeal from Taylor County Court; J. W. Moffett, Judge.

Action by Friedman & Landau, a copartnership, against the Wichita Valley Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Kirby, King & Overshiner, of Abilene, for appellant.

Dallas Scarborough, of Abilene, for appellees.

WALTHALL, J. This suit was brought in the justice court by appellees, Friedman & Landau, a copartnership against the Wichita Valley Railway Company to recover as damages the sum of $180 the value of a shipment of shoes, shipped by the Diamond Shoe Company to appellees over said railroad, and destroyed by fire in the burning of appellant's depot at Anson, Tex. The case was duly appealed to the county court, and there tried before the court without a jury, resulting in a judgment in favor of appellees for the amount sued for, and from which judgment an appeal was duly prosecuted to the Court of Civil Appeals at Fort Worth and transferred to this court.

In addition to the plea of general denial appellant pleaded that the cause of action, if any, was in the Diamond Shoe Company, the consignor of the shipment, and not in appellees, the consignees.

The trial court did not file findings of fact. There is, however, no difference in the evidence on the material facts. They are substantially as follows: In the year 1920 appellees contracted to buy a bill of shoes from the Diamond Shoe Company of New York. The order was for the fall trade, and was to be delivered to the railroad for shipment from Brocton, Mass., on the 16th of September, 1920. The shoes were not delivered for shipment as agreed, and appellees refused to receive them, and so notified the shoe company. The value of the shoes as ordered was $305.40. The Diamond Shoe Company and appellees apparently recognize that the shoes had not been shipped as ordered, and that the order for the shoes was conditioned on the time of shipment. On the issue as to whether the title passed from the Diamond Shoe Company to appellees by reason of the failure to ship as ordered, appellee Landau testified, and the only evidence on that point:

"As to my testifying (apparently in the justice court) there that I was notified that the shoes were there (at Anson) and as to refusing them because they were shipped too late—when I got the bill I wrote him a letter that I was not going to accept them, they were shipped too late; but they wrote me a letter, and made an allowance; they would take less, being as they were late in shipping. I do not know when I got the bill; don't remember just when. I know they did not come when they were supposed to have been delivered. * * * As to whether I got a notice from the Diamond Shoe Company that those shoes had been shipped shortly after the 16th of September, 1920, yes, I got a bill for them. I notified the Diamond Shoe Company that they were shipped too late, and I would not have them. * * * They said they realized the shoes were not shipped in when they should have been shipped and they said if I could use them and not have them take them back they would take less for them."

On June 14, 1921, in a letter written by appellees to appellant railway company in reference to their claim on the shipment of shoes, appellees say:

"The shoes were to have been shipped to us a month sooner than they were shipped, and on account of them arriving so late we were forced to refuse them. We wrote the shoe company to this effect at that time, and they made us an offer in the way of an allowance which we finally accepted on February 2, 1921. Not knowing at that time that the shoes had been destroyed by fire, and thinking they were still in the depot at Anson, we mailed the Diamond Shoe Company a check for $180 (February 10, 1921) in full payment, and sent for the shoes. We were then informed that they could not be located, and that they had been destroyed by fire."

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The witness Landau further testified:

"As to whether after some negotiations I bought the shoes in February, 1921, for $180, they wrote me a letter that rather than have them shipped back, if I would mail them a check at once for $180, they would accept it, and I mailed them a check. That was in settlement of the bill."

The shoes arrived in Anson on October 12, 1920. The appellant railway company's depot at Anson, in which the shoes were stored, was totally destroyed by fire on November 23, 1920. Appellee's check to the Diamond Shoe Company in full payment for the shoes was for the sum of $180, and was paid. J. F. Mayo was the appellant's agent at Anson, and it was agreed by the parties to the suit that Mayo, if present, would testify to the date of the arrival of the shoes at Anson as above; that the consignees, appellees, were promptly notified in writing of the arrival of the shoes, and refused to receive the shipment, claiming the shipment was not made in time; that the depot at Anson was burned on date above, and the shoes destroyed in the fire.

## Opinion.

[1, 2] Two propositions are presented. The first contention of appellant, we think, is determinative of the case. Without quoting the verbiage of the assignment submitted as a proposition, it assigns error to the rendition of the judgment for appellees on the undisputed evidence as to the facts as above stated. Here the contract of sale was conditional, as distinguished from a warranty which does not defeat or suspend the completion of the sale. The condition of the purchase was not complied with by the seller, and the buyer, claiming a breach of the terms of the purchase, refused to accept and take the goods. Both seller and buyer agreed that the terms of the sale and purchase had not been observed by the seller. Because of the breach of the condition of the contract of purchase, and the refusal of the buyer to waive the breach and accept goods, the title to the goods did not pass to the buyer. Austin v. Welch, 31 Tex. Civ. App. 526, 72 S. W. 881; Hernandez v. Garcia (Tex. Civ. App.) 216 S. W. 477; Lang v. Rickmers, 70 Tex. 108, 7 S. W. 527; Scott v. Childers, 24 Tex. Civ. App. 349, 60 S. W. 775.

[3] It has often been stated that precedent and concurrent conditions go to the very life of a sale, and that when a sale is dependent upon a condition precedent, and the condition is not performed, the buyer would have no title, unless the seller waives the condition. A delivery under a conditional sale is only a bailment. The seller and buyer then entered into another contract of sale and purchase of the same goods, but on other and different terms from those of the first purchase. The goods, however, were not

then in existence, having been destroyed by the fire, and it necessarily follows that the buyer, having no title to the goods while in existence, could not sustain damage on account of their loss by the fire.

The cause of action was in shipper and not in buyer. St. L. S. Ry. Co. v. York (Tex. Civ. App.) 252 S. W. 890.

For reason stated, the case is reversed, and judgment here rendered for appellant.

HIGGINS, J. (dissenting). The opinion is written upon the theory that the evidence shows an express agreement that title should not pass to the consignees, unless shipment was made at the agreed time. I do not so construe the evidence.

However, this difference of opinion as to the effect of the evidence is immaterial, because in sales of this character time of delivery is presumed to be of the essence of the contract and a condition precedent to the buyer's liability. Norrington v. Wright, 115 U. S. 188, 6 Sup. Ct. 12, 29 L. Ed. 366; Clement v. Border (Tex. Civ. App.) 237 S. W. 596; 2 Mechem on Sales, 1138, 1139, 1215–1218.

The evidence shows that the parties treated time as of the essence. It may thus be assumed that under the facts shown complete title had not passed from the seller to appellees at the time of the fire.

But I am further of the opinion that at the time of the fire they had such an interest in the goods, which coupled with the subsequent payment of the price to the seller, as authorizes the maintenance of the suit by appellees. 4 R. C. L. 940–944; Railway Co. v. Humphries, 4 Tex. Civ. App. 333, 23 S. W. 556; Railway Co. v. Dorsey, 30 Tex. Civ. App. 377, 70 S. W. 575; Ralph v. Ry. Co., 32 Wis. 177, 14 Am. Rep. 725; Robinson v. Railway Co., 105 Tex. 185, 146 S. W. 537; Railway Co. v. Turner, 43 Tex. Civ. App. 608, 97 S. W. 509; Davis v. Wylie & Jackson (Tex. Com. App.) 256 S. W. 256.

For the reason indicated, I think appellees were the proper parties plaintiff.

As to the appellant's second assignment, it was an issue of fact whether the consignees were notified by the carrier of the arrival of the goods. Under both the state and federal law appellant's liability as a common carrier did not terminate until after such notice has been given to consignee. The question of whether appellant's liability was changed from that of a common carrier to that of a warehouseman is therefore not in the case.

For the reason indicated I am of opinion both assignments should be overruled, and the judgment affirmed.

But, if I am in error in the view that appellees were the proper parties plaintiff upon the theory indicated, then I am of the further opinion that upon the payment in February, 1921, by appellees of the price for

the shoes they were thereby subrogated to the rights of the consignors, and upon proper plea and evidence are entitled to recover.

The present judgment, however, cannot be sustained upon that theory, but should be remanded for retrial, and not here rendered.