

# The Attorney General of Texas

July 7, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable A. D. Clark, III
Criminal District Attorney
Smith County
Tyler, Texas 75702

Opinion No. H- 1204

Re: Repeated service on justice court juries.

Dear Mr. Clark:

The Smith County Auditor has questioned jury-service payments to certain jurors who have been repeatedly appointed to serve in justice courts, and accordingly you ask: "Is the [repeated] use of the same jurors [in a justice court] a violation of Texas Rules of Civil Procedure . . . ?"

Rule 523, Texas Rules of Civil Procedure, states that all rules governing the district and county courts shall also govern the justice courts insofar as they can be applied, except where otherwise provided by law or by the rules. Generally, the Jury Wheel Law governs the selection of jurors in district and county courts. See V.T.C.S. arts. 2094 - 2118; Tex. R. Civ. P. 223 - 225.

That law, however, appears inapplicable to justice court juries. Names can be withdrawn from the jury wheel only to compose lists for district court and county court panels, and only under the direction of a district or county judge. V.T.C.S. arts. 2096, 2101. Cf. Texas Electric Service Company v. Yater, 494 S.W.2d 271 (Tex. Civ. App. — El Paso 1973, writ ref'd n.r.e.) (illegal to use district court panel in county court).

Since 1876 it has been the statutory duty of a justice of the peace to order the sheriff or constable to summon a number of legally qualified jurors to attend as a jury whenever there are any jury cases pending for trial. V.T.C.S. art. 2413. The sheriff or constable is sworn to select none but impartial, sensible, and sober men having the qualifications of jurors under the law, and to do it without bias or favor toward any party. V.T.C.S. art. 2413. Cf. former article 2106, V.T.C.S. (oath of jury commissioner).

A person is a "qualified juror" if the tests of articles 2133 and 2134, V.T.C.S., are met. Although article 2133 makes it a qualification that a person not have served as a juror in the district court or the county court within certain preceding time periods, the statutes do not make prior service

as a juror in the justice court a disqualification. In practice, the Code of Criminal Procedure contemplates that all cases in such courts may be heard by the same jurors. Code Crim. Proc. art. 45.25. A justice court juror is disqualified, however, if the juror sat as a petit juror in a former trial of the same case or another case involving the same questions of fact. V.T.C.S. art. 2134. Cf. Alvarado v. State, 508 S.W.2d 74 (Tex. Crim. App. 1974) (prior service in district court); Mangum v. State, 493 S.W.2d 798 (Tex. Crim. App. 1973) (no prior service qualification waived); Natural Gas Pipeline Co. of America v. Mitchell, 440 S.W.2d 415 (Tex. Civ. App. — Beaumont 1969, writ ref'd n.r.e.) (use of jurors with prior service not abuse of discretion).

Jurors for jury service in a justice court are summoned orally by the officer, V.T.C.S. article 2414, and if they fail to appear, or if the jury is otherwise incomplete, the justice may order the officer to summon others. V.T.C.S. article 2418; Tex. R. Civ. P. 552. Cf. Code Crim. Proc. arts. 45.25, 45.29 (criminal jury in justice court). Juries in justice court, thus, are often "picked-up" juries. Cf. St. Louis Southwestern Ry. Co. of Texas v. York, 252 S.W. 890 (Tex. Civ. App. — Beaumont 1923, no writ) (objections to picked-up jury in county court waived). If litigants believe the officer summoning the jury has acted corruptly, and has willingly summoned jurors known to be prejudiced or biased, they may challenge the array. Tex. R. Civ. P. 221, 547. Or individual jurors may be challenged for cause. Tex. R. Civ. P. 549. Cf. Code Crim. Proc. art. 45.28. But each juror in a justice court is entitled to receive not less than five dollars nor more than thirty dollars per day for each day or fraction of a day that he serves as a juror or attends court in response to the process of the court. V.T.C.S. art. 2122. There are no provisions to deny a juror pay because of repeated service. Your question is directed to the Rules of Civil Procedure and accordingly we do not address any question which might arise in a criminal trial.

## S U M M A R Y

The repeated use of the same jurors in a justice court is not a per se violation of the Texas Rules of Civil Procedure.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn