**Pete Estrada ALVARADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 48122–48124.**

Court of Criminal Appeals of Texas.

April 17, 1974.

Florentino Ramirez, Jr. and Vincent Perini, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted in a single trial of three offenses of the sale of heroin. Punishment was assessed at 35 years' confinement.

The appeals will be reversed and remanded because of the failure of the court reporter to take down the voir dire examination as requested by the appellant.

Written request to have the voir dire proceedings transcribed was made by the appellant prior to the trial. Art. 40.09, Sec. 4, Vernon's Ann.C.C.P. That motion is in the record before us and shows the following: above the line for the judge's signature, there appears to be the signature of the trial judge. Also, while there is typed on the motion "Motion (granted) (Denied)", neither notation reflects any granting or overruling of such motion by

the trial judge. The docket sheet does not aid us in this matter. Therefore, since the motion was clearly presented to the judge, yet the voir dire examination was not taken down, we can only assume that the motion was denied by the court.

■ Both at the trial and on appeal, the appellant has urged that he was harmed by this action, contending that he was forced to take unacceptable jurors because " . . . 80% of the panel was comprised of jurors having had prior jury duty . . . within the week in criminal cases, which rendered them unacceptable . . . ." Thus, the appellant raised the issue of prior jury duty as the basis for his allegation of harm occurring during the voir dire.[1]

A majority of this Court, in Jones v. State, 496 S.W.2d 566 (Tex.Cr.App.1973) concluded that, in a situation where the requested transcription of the voir dire is refused, the appellant must allege or show harm which occurred during the voir dire examination. The present appellant has done that.[2]

The State contends that the appellant has not shown that he exhausted all of his peremptory challenges. In the absence of having the voir dire recorded, we assume that he would have had to do this by means of a bill of exception. As was pointed out in Vines v. State, 479 S.W.2d 322 (Tex.Cr.App.1972), where there was also no bill of exception:

"The purpose of Art. 40.09, § 4, is to *eliminate* the necessity for the cumbersome procedures attendant upon formal bills of exception and bystanders' bills. If this Court were to require that error which occurs at the voir dire examination be preserved in the same manner as if the statute did not exist, in the face of a request that the examination be recorded, then the statute would be a nullity." (Emphasis added)

Therefore, we conclude that the appellant has sufficiently brought himself within the tests previously announced by this Court.

Accordingly, the judgments are reversed and the causes remanded.

1. Art. 2133, Sec. 4, Vernon's Ann.Tex.Civ. St., (as amended in 1971) states:
"He [a juror] must not have served as a juror for six (6) days during the preceding six (6) months in the District Court, or during the preceding three (3) months in the County Court."
This section of the article was re-enacted without change in 1973 by the Texas Legislature. Tex.Laws 1973, ch. 85, Sec. 1, at 175. The appellant's trial was in August of 1972 and prior Article 2133, V.A.T.S., was in effect at that time. There are still other ways to challenge a juror for cause, in reference to prior service. We direct attention to a recent enactment by the Legislature, Tex.Laws 1973, ch. 204, Sec. 1, at 475 (titled, "Jury Panels—Removal for Cause—Dismissal"):
"In all counties of this state having a population of not less than 1,100,000 inhabitants, once a prospective juror has been removed

from a jury panel for cause, by peremptory challenge, or for any reason, he shall be immediately dismissed from jury service and shall not be placed on another jury panel until his name is returned to the jury wheel and drawn again as a prospective juror."
Of course, since this statute was not in effect at the time of this trial, appellant could not have availed himself of this particular article.

2. Judge Odom and I feel that the refusal to take down the voir dire examination is reversible error, per se. See my dissent in Jones v. State, supra, which evidences my reconsideration and rejection of the "harm or alleged harm" test as stated in Vines v. State, 479 S.W.2d 322 (Tex.Cr.App. 1972). Judge Odom's position is well-stated in his dissenting opinion upon the overruling of the accused's motion for rehearing in Jones v. State, supra, 496 S.W.2d at pg. 574.