

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 31, 1975

Affirmed by Cartwright v. State
527 SW 2d 535, Tex. Crim.App
1975

The Honorable Burton S. Burks, Sr.
Hood County Attorney
P. O. Box 306
Granbury, Texas 76048

Opinion No. H-569

Re: Whether the judge of
a county court is required
to appoint a court reporter
in a criminal case.

Dear Mr. Burks:

You have requested our opinion regarding whether the judge of
a county court is required to appoint a court reporter in a criminal
case, pursuant to paragraph 4 of article 40.09, Texas Code of Criminal
Procedure. The relevant portion of the statute states:

> At the request of either party the court reporter
> shall take shorthand notes of all trial proceedings,
> including voir dire examination, objections to the
> court's charge, and final arguments.

In Jones v. State, 496 S. W. 2d 566 (Tex. Crim. App. 1973) the
Court held, by a 3-2 majority, that, in order to accomplish reversal
on the basis of the trial judge's refusal to order the recording of the
voir dire examination, the appellant must show that he has been harmed
or prejudiced thereby, or that some action occurring during the voir
dire examination constitutes error. Id., at 569. Apparently, however,
appellant need merely allege that error has occurred. Id., at 569-70.
(Dissenting opinion). Judges Roberts and Odom would dispense with the
test entirely, and hold the trial judge's refusal to require transcription
to be reversible error per se. See Alvarado v. State, 508 S. W. 2d 74,
75 (fn. 2) (Tex. Crim. App. 1974) and Jones v. State, supra at 569 and
574 (dissenting opinions).

The Court of Criminal Appeals has made clear that an accused must make an affirmative request for a record in order to show error on appeal. Taylor v. State, 489 S. W. 2d 890 (Tex. Crim. App. 1973). But as a matter of practice, "[t]rial judges should, even in the absence of a request to do so, have the court reporter record all the proceedings unless the same is waived." Id., at 892 (fn. 1).

Most of the cases in which the Court of Criminal Appeals has interpreted section 4 of article 40.09 have dealt with the trial court's refusal to order the court reporter to record the voir dire examination. But see Curry v. State, 488 S. W. 2d 100 (Tex. Crim. App. 1972). Since the statute itself encompasses "all trial proceedings, including . . . objections to the court's charge, and final arguments, "and since paragraph 5 of article 40.09 provides that "[t]he court reporter shall report any portion of the proceedings requested by either party or directed by the court," we are of the opinion that these cases apply with equal force to "all trial proceedings." (Emphasis added). We note, however, that paragraph 1 of article 40.09 limits the statute's application to "all cases appealable by law to the Court of Criminal Appeals." Any county court conviction, where prosecution originated therein or which provides for the imposition of a fine of more than $100.00 in a case appealed from an inferior court, is appealable to the Court of Criminal Appeals. Article 4.03, Texas Code of Criminal Procedure.

It is our opinion that in all cases appealable by law to the Court of Criminal Appeals, a trial court is required by paragraph 4 of article 40.09 to appoint a court reporter to transcribe all trial proceedings, when requested to do so by either party to a criminal case. Failure to comply with the statutory directive may be assigned by the accused as reversible error.

## SUMMARY

The judge of a county court is required by article 40.09, Texas Code of Criminal Procedure, in all cases appealable by law to the Court of Criminal Appeals, to appoint a court reporter to transcribe all trial proceedings when requested to

do so by either party to a criminal case.

Very truly yours,

*[signature: John L. Hill]*

JOHN L. HILL
Attorney General of Texas

APPROVED:

*[signature: David M. Kendall]*

DAVID M. KENDALL, First Assistant

*[signature: C. Robert Heath]*

C. ROBERT HEATH, Chairman
Opinion Committee

lg