James Allen JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 898–82.

Court of Criminal Appeals of Texas, En Banc.

May 18, 1983.

---

1. *Landers v. State,* 550 S.W.2d 272 (Tex.Cr. App.1977).

Kevin R. Bartley, Odessa, for appellant.

Vern F. Martin, Dist. Atty., and James L. Rex, Asst. Dist. Atty., Midland, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of unlawfully carrying a handgun on licensed premises. V.T.C.A., Penal Code Sec. 46.02. Punishment was assessed at two years.

The Court of Appeals reversed the conviction for error in refusing to submit jury instructions on the defensive theories of necessity, V.T.C.A., Penal Code Sec. 9.22, and self-defense, V.T.C.A., Penal Code Sec. 9.31. *Johnson v. State,* 638 S.W.2d 636 (Tex.App.—El Paso, 1982).

We granted the State's petition for review to consider the State's arguments that those defenses are unavailable in a prosecution for unlawfully carrying a handgun on licensed premises *as a matter of law.* Because the issues under consideration are a matter of statutory construction, we need not detail the facts of the case.

We first set out the statute defining the offense:

"(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

"(b) Except as provided in Subsection (c), an offense under this section is a Class A misdemeanor.

"(c) An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages."

The first issue we will discuss is the State's argument that the defense of necessity is unavailable as a matter of law. That defense is defined in Sec. 9.22, supra:

"Conduct is justified if:

"(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

"(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing [sic] the conduct; and

"(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear."

The State's argument is based on Subsection (3) and *Roy v. State,* 552 S.W.2d 827. In *Roy* the Court found the evidence did not raise the defensive issue under Subsection (1). The Court then went on to say:

"The third condition makes the defense of necessity unavailable if a legislative purpose to exclude it is expressed elsewhere in the law. Practice Commentary, § 9.22. We find such purpose to be expressed in V.T.C.A., Penal Code, § 46.02, which seeks to prohibit carrying deadly weapons. The Legislature has not deprived citizens of the right to bear arms; rather, § 46.02 is an attempt to insure that certain types of weapons readily capable of and specifically designed for inflicting serious injury are removed from the public domain. To allow any person to carry a weapon prohibited under § 46.02 anytime he felt he was in a 'high crime' area would openly thwart the purpose of the statute.

"For these reasons, we hold that appellant's proffered evidence did not raise a fact issue entitling him to the defense of necessity and that the trial court committed no error in excluding it. Cf. *Worton v. State,* 492 S.W.2d 519 (Tex.Cr.App. 1973), with *Garcia v. State,* 528 S.W.2d 604 (Tex.Cr.App.1975)."

We agree that to allow a defense of necessity whenever anyone "felt he was in a 'high crime' area," as claimed by the defendant in *Roy,* would violate the intent of Sec. 46.02, supra. We do not agree, however, that such reasoning demonstrates a legislative purpose to exclude the defense of necessity under Sec. 9.22(3), supra. A feeling that one is in a "high crime" area would not constitute a reasonable belief that carrying a weapon in violation of Sec. 46.02 is *immediately* necessary to avoid *imminent* harm, Sec. 9.22(1), and therefore would not raise the defense even if it is available.

An example of when the defense of necessity should be available can easily be imagined. V.T.C.A., Penal Code Secs. 9.33, 9.42 and 9.43 justify the use of deadly force for the protection of property or a third person. If an individual in his own home observed a situation that required taking protective action under one of those sections, but to take such action would require him to take a weapon covered by Sec. 46.02 to another location, such as his neighbor's yard, would his conduct in carrying a handgun or club to protect his neighbor from rape or robbery (Sec. 9.33), or to recover his neighbor's property (Sec. 9.43), or to recover his own property from a criminal who has fled beyond the victim's premises (Sec. 9.42), be subject to conviction for unlawfully carrying the weapon? Surely the legislature intended the defense of necessity under Sec. 9.22 to be available in such circumstances.

We hold the defense of necessity is not unavailable in a prosecution under Sec. 46.02, supra, as a matter of law. To the extent of conflict *Roy v. State,* supra, is overruled.

Disposition of this issue requires that we affirm the decision of the Court of Appeals. Nevertheless, we will also discuss the other issue raised by the State.

The second issue upon which the Court of Appeals reversed appellant's conviction was denial of a charge on self-defense. Secs. 9.31, 9.32, supra. The State argues, "The statute giving rise to self-defense allows a justification in 'using force against another.' ... Since no force is involved with appellant's offense, self-defense has no place." The Court of Appeals rejected this argument on the conclusion that under the circumstances confronting appellant, "Having an arguable right to exercise deadly force, it would be ridiculous to statutorily preclude him from taking custody of the deadly means of his own deliverance."

We do not agree with the reasoning of the Court of Appeals on this issue. In this prosecution appellant was not charged with an offense involving use of force against another, so self-defense by its very terms affords no justification for the conduct alleged. Holding self-defense is not available, however, does not have the dire consequences envisioned by the Court of Appeals. The defense of necessity is sufficient to protect the interest of the accused that was the object of concern by the Court of Appeals. We conclude it was not error for the trial court to refuse a charge on self-defense.

Because it was error for the trial court to refuse a charge on the defense of necessity, the judgment of the Court of Appeals is affirmed and the cause is remanded to the trial court.

McCORMICK, J., dissents.