**Debra Sue EPPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–0502–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 25, 1991.

Henry L. Burkholder, III, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant entered a plea of no contest to the offense of possession of cocaine weighing less than twenty-eight grams. The trial court assessed punishment at three years probation, and a fine of $500. In two points of error, appellant asserts that she is entitled to a new trial because (1) she is unable to provide this court with a complete record of her pre-trial motion to suppress, and (2) she received ineffective assistance of appellate counsel. We affirm.

Appellant filed a pre-trial motion to suppress the fruits of an executed search warrant. A hearing was conducted on appellant's motion on May 16, 17, 18, 19 and 23, 1988. A substitute court reporter reported the first day of the hearing, May 16, 1988. The remainder of the hearing was reported by the official court reporter. The trial court denied appellant's motion to suppress on May 26, 1988.

Appellant was convicted and sentenced on April 25, 1989. Appellant filed a timely motion for new trial, which the trial court denied on May 25, 1989. After filing a timely notice of appeal, appellant prepared a written designation of matters to be included in the record. Appellant's designation included a request for a statement of facts of all pre-trial hearings, and was delivered to the official court reporter on or about July 27, 1989. The record reflects that appellant did not deliver the written designation to the substitute court reporter. The record further reflects that appellant had no direct communication with the substitute court reporter, concerning the transcription of the May 16, 1988 hearing, until September 27, 1989.

Appellant filed a motion for extension of time to file the statement of facts. This court granted appellant's motion, and extended the time for filing, first to October 23, 1989, then to December 22, 1989, and finally to December 29, 1989, the date the statement of facts transcribed by the official court reporter was received. On October 1, 1989, the substitute court reporter wrote to appellant's counsel to report that her notes from the May 16, 1988 pretrial hearing had been stolen.

On February 9, 1990, appellant filed with this court a Motion to Reverse Conviction and Remand for New Trial based on her inability to secure a complete record. On March 15, 1990, this court entered an order that the trial court conduct a hearing to determine whether the substitute court reporter's notes from the May 16, 1988 hearing were in fact unavailable, and if so,

under what circumstances the notes became unavailable. After the hearing, a supplemental transcript was filed which contained the trial court's findings of fact concerning the missing statement of facts. The trial court found that the substitute court reporter's notes from the May 16, 1988 hearing are hopelessly lost, apparently as a result of a burglary. The trial court further concluded that the substance of the hearing on May 16, 1988, was merely arguments of counsel as to how to proceed, which resulted in the matter being postponed to the following day in order for defense counsel to file a proper *Franks v. Delaware* motion in accordance with the prevailing case law guidelines.

■ Appellant's first point of error asserts that she is entitled to a new trial pursuant to Tex.R.App.P. 50(e), because she is unable to provide this court with a complete record of her pre-trial motion to suppress. Rule 50(e) provides, in pertinent part, that:

> "[i]f the appellant has made a *timely request* for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts."

Tex.R.App.P. 50(e) (emphasis added). To be entitled to a new trial under Rule 50(e), appellant must demonstrate that she made a "timely request". *See Emery v. State*, 800 S.W.2d 530, 533 (Tex.Crim.App.1990). A request for a statement of facts on appeal must be "a written request to the official court reporter designating the portion of the evidence and other proceedings to be included therein." Tex.R.App.P. 53(a). Further, the request must be made "at or before the time prescribed for perfecting the appeal". *Id.* The time for perfecting an appeal in a criminal case in which a timely motion for new trial has been filed, is "within ninety days after the sentence is imposed or suspended in open court." Tex. R.App.P. 41(b)(1).

Appellant was sentenced on April 25, 1989. Since a motion for new trial was timely filed, appellant had until July 24,

1989 to perfect an appeal and make a timely request for the statement of facts. The burden is on appellant to provide this court with a record which supports her claim for relief. Tex.R.App.P. 50(d). The record in this case contains appellant's "Designation To The Court Reporter Of Matters To Be Included In The Record". The document's certificate of service only indicates that it was mailed to the district attorney's office on July 27, 1989. There is no indication as to if, or when, the designation was delivered to either the official or the substitute court reporter. The record also contains the affidavit of appellant's counsel, which avers that the designation was delivered to the official court reporter "on or around July 27, 1989". There is nothing in the record that would indicate that the substitute court reporter ever received the written request. The record fails to demonstrate that appellant made a "timely request" pursuant to Rule 53(a). Therefore, appellant has failed to meet her burden of providing a record on appeal that entitles her to a new trial pursuant to Rule 50(e). Accordingly, appellant's motion to reverse is denied and her first point of error is overruled.

■ Appellant's second point of error asserts that she is entitled to a new trial, on the basis of ineffective assistance of counsel, if this court finds that her appellate counsel failed to timely request the missing portion of the statement of facts. Appellant argues that without a statement of facts from the May 16, 1988 hearing, this court is unable to review her motion to suppress, and therefore, she has been denied a meaningful appeal pursuant to the holding in *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

In *Evitts*, the Supreme Court held that there is a constitutional guarantee of effective assistance of counsel on appeal in every criminal prosecution. *Id.* 105 S.Ct. at 836. Appellant's right to a meaningful appeal has been acknowledged by *Ward v. State*, 740 S.W.2d 794, 799–800 (Tex.Crim. App.1987); *see also Shead v. State*, 711 S.W.2d 345 (Tex.App.—Dallas 1986, pet. ref'd); *Vicknair v. State*, 702 S.W.2d 304

(Tex.App.—Houston [1st Dist.] 1985, no pet.).

In *Vicknair*, the court held that counsel's failure to designate a statement of facts of a suppression hearing, placed appellant in a position of having no appeal at all. Without the statement of facts, the court of appeals had nothing to review, and therefore, appellant was in no better position than if he had no counsel at all. *Vicknair*, 702 S.W.2d at 306. The instant case is distinguishable, however, since the appellant here has not been put in such a position. The record in this case is only missing a statement of facts from May 16, 1988, the first day of appellant's motion to suppress hearing. The remainder of the hearing, transcribed by the official court reporter, is part of the record of this case. The record reflects that no testimony concerning the motion to suppress was heard on May 16. The record further reflects that the substance of the May 16 hearing, was merely arguments of counsel as to how to proceed, which resulted in the matter being postponed to the following day so that appellant's counsel could file a proper motion. Appellant's counsel complied by filing a proper motion the following day, and thereafter, testimony was introduced. Appellant does not point to or even suggest that anything in the missing statement of facts would cause us to reverse her conviction. In fact, appellant has not raised a single point of error concerning any portion of the suppression hearing. We hold that the absence of a statement of facts from the May 16 hearing would not deny appellant the opportunity for us to review a complaint concerning her motion to suppress. Consequently, appellant has not been denied a meaningful appeal. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.