Avelino **ORTIZ**, Jr., Appellant,

v.

**STATE of Texas, Appellee.**

No. 04–91–00704–CR.

Court of Appeals of Texas, San Antonio.

Sept. 15, 1993.

---

Wallace W. Canales, Alice, for appellant.

Richard C. Terrell, Dist. Atty., Alice, for appellee.

Before REEVES, C.J., and BUTTS and RICKHOFF, JJ.

## OPINION

REEVES, Chief Justice.

Appellant seeks reversal of his felony conviction because part of the trial record has been lost or destroyed through no fault of his own. The State asserts, however, that appellant waived his right to appeal because appellant absconded after his conviction even though he was in custody at the time of his sentencing. We agree with appellant but disagree with the State. Appellant's cause is reversed and remanded.

## FACTS

A jury convicted Avelino Ortiz, Jr. (appellant) of voluntary manslaughter and taxed him with a $10,000.00 fine and sentenced him to seven years confinement in the Institutional Division of the Texas Department of Justice.

## FUGITIVE'S WAIVER OF APPEAL

On June 20, 1990, a jury found appellant guilty of voluntary manslaughter and assessed his punishment. On August 19, 1990, appellant was absent for his sentencing. Subsequently, appellant's bond was forfeited and an alias capias was issued for his arrest. On November 20, 1991, the trial court entered judgment on the jury verdict with appellant present. Appellant filed his notice of appeal on December 13, 1991.

The State asserts in a cross-point that appellant waived his right to appeal because he absconded after his conviction even though ultimately he was present for sentencing.

Disposition of the State's cross-point is dictated by Rule 60(b) of the Rules of Appellate Procedure.

(b) **Criminal Cases.** An appeal shall be dismissed on the State's motion, supported by affidavit, showing that appellant has escaped from custody pending the appeal and that to the affiant's knowledge, has not voluntarily returned to lawful custody within the State within ten days after escaping. The appeal shall not be dismissed, or, if dismissed, shall be reinstated, on filing of an affidavit of an officer or other credible person showing that appellant voluntarily returned to lawful custody within the State within ten days after escaping. If the appellant received a life sentence and is recaptured or voluntarily surrenders within thirty days after escaping, the appellate court, in its discretion, may overrule the motion to dismiss, or, if the motion has previously been granted, may reinstate the appeal.

TEX.R.APP.P. 60(b).

▆▆▆ The State's cross-point must fail for at least two reasons. First, the State has not submitted an affidavit showing that appellant escaped from custody pending the appeal and that to the affiant's knowledge, has not voluntarily returned to lawful custody within the State within ten days after escaping. Second, Rule 60(b) does not apply when a defendant escapes when no appeal is pending. *Marquez v. State,* 795 S.W.2d 346, 347 (Tex.App.—Waco 1990, no pet.). If the appellant is back in custody when the record reaches the appellate court, the appeal will not be dismissed, but will be treated regularly. *Marquez,* 795 S.W.2d at 347. Such is the case here. Appellant was back in custody on November 20, 1991. The notice of appeal was filed on December 13, 1991. Thus, appellant was back in custody when the record reached the appellate court. Consequently, Rule 60(b) does not apply.

We distinguish federal case authority that the State cites in support of its cross-point. The dismissal of appeals of fugitives in Texas is governed by Rule 60(b) of Appellate Procedure. The case authority cited by the State, however, involves convictions pursuant to federal criminal statutes. In these cases the federal court applied the federal fugitive dismissal rule. *See Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); *United States v. Parrish,* 887 F.2d 1107 (D.C.Cir.1989); *United States v. Persico,* 853 F.2d 134 (2d Cir.1988); *United States v. Puzzanghera,* 820 F.2d 25 (1st Cir.1987), *cert. denied,* 484 U.S. 900, 108 S.Ct. 237, 98 L.Ed.2d 195 (1987); *United States v. London,* 723 F.2d 1538 (11th Cir.1984), *cert. denied,* 467 U.S. 1228, 104 S.Ct. 2684, 81 L.Ed.2d 878 (1984). Rule 60 determines whether a fugitive's appeal is dismissed in a Texas criminal case rather than the federal fugitive dismissal rule. Thus, the authority cited by the State does not support its point of error.

The United States Supreme Court has recognized the validity of Texas law regarding the dismissal of a fugitive's appeal. The precursor to Rule 60 of Texas Appellate Procedure was upheld by the United States Supreme Court as not violative of equal protection. Additionally, the Court recognized that prisoners in Texas who escaped before invoking the appellate process would have a right to appeal after recapture. *See Estelle v.*

*Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). The Court acknowledged the *Estelle* holding in *Ortega–Rodriguez v. United States,* — U.S. —, —– —, 113 S.Ct. 1199, 1204–05, 122 L.Ed.2d 581 (1993).

Finally, authority cited by the State has been overruled. The federal fugitive dismissal rule has been limited recently in *Ortega–Rodriguez v. United States,* — U.S. —, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). The *Ortega–Rodriguez* opinion addressed whether an appeal can be dismissed when a defendant flees the jurisdiction of a district court, and is recaptured before he invokes the jurisdiction of the appellate tribunal. *Ortega–Rodriguez,* — U.S. at —, 113 S.Ct. at 1205. In this holding the Court overrules *United States v. Holmes,* 680 F.2d 1372 (11th Cir.1982)[1] to the extent that the *Holmes* rule rests on the premise that *Molinaro*'s disentitlement theory by itself justifies dismissal of an appeal filed after a former fugitive is returned to custody. *Ortega–Rodriguez,* — U.S. at —, 113 S.Ct. at 1207. Consequently, the Court held that when a defendant flees while his case is pending in the district court though he is recaptured before sentencing and appeal, the defendant may be deemed to forfeit his right to appeal only if the appellate court finds some connection between the defendant's fugitive status and his appeal. *Ortega–Rodriguez,* — U.S. at —– —, 113 S.Ct. at 1208–09. Unless the defendant is at large during "the ongoing appellate process," the appeal generally will not be dismissed. *Ortega–Rodriguez,* — U.S. at —, 113 S.Ct. at 1208.

The State's cross-point is overruled.

## MISSING RECORD

In his sole point of error, appellant asserts he is entitled to a new trial because a portion of the statement of facts of the voir dire proceedings has been lost or destroyed through no fault of his own.

Appellant filed his notice· of appeal and instructed the official court reporter to prepare a record for appeal. The court reporter lost her notes regarding discussions between veniremen and the trial court during voir dire. Consequently, the statement of facts is incomplete.

■ It has long been the rule in Texas that when an appellant, through no fault of his own or his counsel's, is deprived of a part of the statement of facts which he diligently requested, the appellate court cannot affirm the conviction. *Emery v. State,* 800 S.W.2d 530, 533 (Tex.Crim.App.1990); *Dunn v. State,* 733 S.W.2d 212, 214 (Tex.Crim.App. 1987). This rule applies whether all or only a portion of the statement of facts was omitted. *Dunn,* 733 S.W.2d at 214.

The Rules of Appellate Procedure have codified the law governing lost records:

> When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

TEX.R.APP.P. 50(e); *see also Emery,* 800 S.W.2d at 533.

■ In order to prevail under Rule 50(e), an appellant must show, (1) that he made a timely request for a statement of facts, and (2) that the court reporter's notes and records have been lost or destroyed without appellant's fault. *Culton v. State,* 852 S.W.2d 512, 514 (Tex.Crim.App.1993). The burden is on appellant to provide this court with a record which supports his claim for relief. TEX.R.APP.P. 50(d); *Epps v. State,* 809 S.W.2d 770, 772 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

The record is clear that the court reporter's notes and records concerning bench discussions during voir dire have been lost or destroyed without appellant's fault.[2] The

---

1. The State cites the *Holmes* opinion as authority for its cross-point.

2. A hearing was held pursuant to this court's order to determine the whereabouts of the missing statement of facts. The official court report-

State urges that appellant is not entitled to a new trial because the record before this court does not support appellant's contention that he requested timely the statement of facts from the court reporter.

■ Under Rule 50(e), a "timely request" is a request made in writing to the official court reporter on or at the time prescribed for perfecting the appeal. *Culton*, 852 S.W.2d at 514. Appellant did not file a motion for new trial. Consequently, the appeal is perfected "when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge...." TEX.R.APP.P. 41(b)(1).

Appellant's sentence was imposed on November 20, 1991. For his request to be timely, appellant had until December 20, 1991 in which to request a statement of facts from the official court reporter.

Appellant filed his notice of appeal on November 20, 1991. On December 13, 1991, appellant filed his Designation of Evidence on Appeal (the motion). The State contends, however, that appellant has failed his burden to show that the court reporter was notified timely of the evidence designated on appeal. In support thereof the State cites that: (1) the motion was not directed to an individual; and (2) the certificate of service did not name the official court reporter.

■ We disagree with the State's assertion that appellant did not satisfy his burden of proof. The motion requested "the Court Reporter of this Honorable Court" to make and prepare the record in appeal of his case; the motion's caption identified the court as the 79th District Court of Jim Wells county. Additionally, the certificate of service certified that a copy of the motion was hand delivered to the Jim Wells county district clerk's office but the official court reporter was not mentioned. We recognize that this evidence standing alone does not prove that the court reporter received timely notice. *See Epps*, 809 S.W.2d at 772. The official court reporter, however, attached an affidavit to Appellant's Motion to Amend Record

which was filed in this court on June 29, 1992. The official court reporter, Lindi L. Back, swore that: (1) she is the official court reporter who reported the proceedings during appellant's trial; and (2) she was given notice of appeal on December 13, 1991. The affidavit can be interpreted in two different ways: (1) the court reporter received the motion giving notice of appeal on December 13, 1991 but not the motion designating evidence on appeal; or (2) notice of appeal is used in the vernacular and the court reporter did receive the motion designating evidence on appeal on December 13, 1991.

The circumstances should be viewed from the appellant's standpoint and any reasonable doubt is resolved in favor of the appellant. *Dunn*, 733 S.W.2d at 215; *Martinez v. State*, 802 S.W.2d 105, 107 (Tex.App.—Amarillo 1990, no pet.). The court reporter, while possessing knowledge about the legal process, is not a licensed attorney and likely referred to notice of appeal in the vernacular, considering that the motion to designate evidence on appeal was filed on December 13, 1991, the day she claims she received notice.

After resolving reasonable doubt in favor of appellant, we find that appellant satisfied his burden of proving that he timely requested the statement of facts.

■ The State contends no reversal is needed because appellant was not harmed. The law is clear that when an appellant requests a statement of facts timely, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial, irrespective of harm. *Dunn*, 733 S.W.2d at 216. The authority cited by the State is not dispositive because the case concerned "off-the-record" conferences between counsel and the trial court which were not part of the record. *See Walthall v. State*, 594 S.W.2d 74, 81 (Tex.Crim.App.1980).

Appellant's sole point of error is sustained. We hold that appellant made a timely request for the statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault.

er testified that she could not find her notes regarding bench discussions during voir dire de-

spite a diligent search of her records for the past five years.

Appellant is entitled to a new trial. The cause is reversed and remanded.

RICKHOFF, J., files opinion concurring in result.

BUTTS, J., files dissenting opinion.

RICKHOFF, Justice, concurring in result.

Because appellant was not sentenced in abstentia he was able to perfect this appeal. Moreover, it has long been the rule in this State that "[w]hen an appellant, through no fault of his own or his counsel's, is deprived of a part of the statement of facts which he diligently requested, the appellate court cannot affirm the conviction." *Dunn v. State*, 733 S.W.2d 212 (Tex.Crim.App.1987). Since we must view all doubt in appellant's favor, we must also conclude that he has demonstrated due diligence in requesting the statement of facts and that the record does not reflect that his negligence or fault contributed to the failure to have a complete statement of facts.

I agree with the dissent that we should be allowed to pursue a harm analysis. *Dunn* should be revisited. Under the existing case law, however, we cannot affirm. Intermediate appellate courts should not be fixed with blinders requiring "the entire record" and resolving any reasonable doubt about the appellant's complicity in its absence in favor of the appellant. The special public policy considerations that insure an evenhanded imposition of the ultimate penalty in capital cases should not generate a blind standard that allows a recaptured fugitive automatic reversal because a bench discussion with prospective jurors is unavailable when he involuntarily returns to custody.

BUTTS, Justice, dissenting.

The reason for this dissent is threefold: (1) This concerns only a small portion of the otherwise recorded voir dire examination—when some prospective jurors were called to the bench for questioning by the trial court; (2) appellant did not object to the procedure; and, (3) appellant has assigned no error which occurred during this time at the bench or resulted from it. The voir dire examina-

tion of the jury panel is in the record except for the bench discussions.

It is not unusual for a trial court during voir dire examination to call prospective jurors to the bench in order to avoid undue embarrassment of that person or prejudice to the defendant. Counsel for defense and the State will also be present at the bench conference. There is no abuse of discretion in this procedure by the trial court, which has great discretion in conducting voir dire examination.

The record reflects that some persons were excused for cause when either appellant or the State challenged them for cause. Of course, appellant knows who these were, but he has failed to name any particular venireperson who might have been incorrectly excused. In addition, he failed to object to any bench discussion ruling and does not bring forward that kind of assignment of error on appeal; he does not now argue that he was forced to use a peremptory strike because the trial court erroneously excused a prospective juror for cause. In short, all he argues on appeal is that the "bench notes" of the court reporter were lost or unavailable for transcription, and the case must be reversed.

Even the failure to grant a defendant's request to record the voir dire examination is not reversible error *per se*. It is reversible error only where some action occurring during the voir dire examination is assigned as error. *Vines v. State*, 479 S.W.2d 322, 323–24 (Tex.Crim.App.1972).

Voir dire examination is not an evidentiary hearing which supports the guilt or innocence determination. It is not required to be a portion of the statement of facts unless the defendant specifically requests that it be recorded. In *Roy v. State*, 552 S.W.2d 827, 832 (Tex.Crim.App.1977), *overruled on other grounds, Johnson v. State*, 650 S.W.2d 414 (Tex.Crim.App.1983), the defendant did not request that a transcription of the voir dire examination be made. The defendant argued on appeal that the trial court failed to dismiss certain prospective jurors due to their answers to questions on voir dire. The court held that nothing was presented for review since no affirmative request for the

transcription had been made. In the present case there is nothing to show that appellant made an affirmative request for the court reporter to record the bench discussions. More important, there is no assignment of any error occurring during that time. It is appellant's contention merely that the impossibility of transcribing the missing "notes" of the bench discussions is a *per se* violation which mandates reversal of the judgment. That is not the Texas law.

An otherwise valid conviction should not be reversed in the absence of any specific assertion of prejudice. The court, in *Miller v. State*, 472 S.W.2d 269, 273 (Tex.Crim.App. 1971), held there was no reversible error since there was no showing that any objection was made during the voir dire of the jury or that anything occurred during that time which was prejudicial to the defendant. The same is true in the present case; there is no suggestion that anything occurred on voir dire to the detriment of appellant.

Reliance by appellant on two capital murder cases, *Emery v. State*, 800 S.W.2d 530 (Tex.Crim.App.1990) and *Dunn v. State*, 733 S.W.2d 212 (Tex.Crim.App.1987) is misplaced. One involved pretrial evidentiary hearings (*Emery*) with assigned error going to the merits of guilt or innocence which could affect the outcome of the case, and the other relied on 37 missing portions of evidentiary hearings and individual voir dire examinations of two excused prospective jurors involving death penalty questions (*Dunn*) and specifically assigned error.

Neither at trial nor on appeal has appellant urged any error—at trial by objection as to action by the trial court regarding a particular prospective juror—or on appeal that a certain prospective juror was excused improperly and he was forced to use a peremptory challenge or other error related to jury selection. For instance, in *Alvarado v. State*, 508 S.W.2d 74 (Tex.Crim.App.1974) the defendant raised the issue of the statutory unacceptability of a juror as the basis for his allegation of harm during voir dire. Nevertheless, the appellant in this case has failed to allege any error which occurred during the voir dire proceedings.

Consequently, I respectfully dissent to the majority disposition which effectively establishes new law: a mere complaint on appeal that a portion ("bench notes") of an otherwise recorded voir dire is missing without any allegation or showing of error which occurred at that time to a defendant is reversible error *per se*.