NO. 07-03-0484-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 12, 2003

_____

JACOB GROSS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;

NO. 4137; HON. JOHN R. HOLLUMS, PRESIDING

_____

*Order*

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Pending before the court is a motion by the State of Texas asking that we dismiss the appeal of Jacob Gross (Gross). It believed itself entitled to such relief because Gross purportedly escaped after perfecting his appeal. We overrule the motion without prejudice.

According to Texas Rule of Appellate Procedure 42.4, we must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant escaped from custody pending the appeal and that he has not voluntarily returned to lawful custody within

ten days. Attached to the State's motion at bar is the affidavit of Billy R. Gilmore (Gilmore), Sheriff of Floyd County, Texas. In it, he represents that appellant was convicted and remanded to the custody of the State on October 15, 2003. So too does the sheriff state that appellant escaped from custody on November 2, 2003, though he was subsequently recaptured later that same day. The State also accompanied its motion with two documents purporting to evince appellant's desire to appeal and which were purportedly sent to the trial court. Each document contains a notation indicating that it was received on a particular date. The date mentioned on one is October 17, 2003 and on the other, October 30, 2003. Yet, who placed the notations on them and when he or she did so goes unmentioned. Similarly unmentioned is whether the trial court or court clerk received them or whether the copies sent were obtained from the trial court or court clerk. Nor is the authenticity of either document, or the notation thereon, established by affidavit or certification. Thus, while appellant may have escaped, the record at this time prevents us from determining whether he did so "pending appeal." *See Ortiz v. State*, 862 S.W.2d 170, 172 (Tex. App.--San Antonio 1993, no writ) (stating that the rule does not apply when a defendant escapes when no appeal is pending).

Next, appellant has requested that we appoint him an attorney. Accordingly, we abate this appeal and remand the cause to the 110th District Court of Floyd County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant is indigent; and,
2. whether the appellant is entitled to a free appellate record and to appointed counsel on appeal due to his indigency.

2

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall file the supplemental record with the clerk of this court on or before January 12, 2004.  Should further time be needed by the trial court to perform these tasks, it must be requested before January 12, 2004.  Finally, if the trial court determines that appellant is entitled to appointed counsel and has none, it must appoint counsel to appellant and include in its findings of fact and conclusions of law the name, address, and state bar number of the counsel it appoints.

It is so ordered.

Per Curiam

Do not publish.