IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1873-03






LYDIA H. BOWEN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


WISE COUNTY





 Keasler, J., delivered the opinion of the Court in which Meyers, Price, Womack,
Johnson, Hervey, and Holcomb, JJ., joined. Keller, P.J., filed a dissenting opinion. 
Cochran, J., filed a dissenting opinion. 


O P I N I O N 



 Upon the close of evidence at her resisting arrest trial, Lydia Bowen sought a jury
instruction on the defense of necessity. The trial judge refused this request. Affirming the
trial judge's refusal, the Court of Appeals held that the self-defense statute, Penal Code
section 9.31, demonstrated a legislative purpose to exclude the necessity defense under
section 9.22(3). We disagree. Therefore, we reverse and remand.

Factual and Procedural History

 Responding to a disturbance call with an advisory of possible weapons present,
Deputy Hamilton arrived at Lydia Bowen's rural home finding Bowen outside and becoming
increasingly agitated and belligerent. Hamilton testified that Bowen's aggression became
focused on him. After performing a field-sobriety test on Bowen, he informed both Bowen
and her husband that he was arresting them for disorderly conduct and public intoxication. 
Hamilton further testified at trial that Bowen attempted to pull her arm away and head toward
her house when Hamilton was placing the handcuffs on her. With the assistance of other
officers, Hamilton took Bowen to the ground in order to effect the restraint and to allow
Bowen to calm down. Once Bowen said that she would cooperate, Hamilton helped Bowen
up from the ground and escorted her to his patrol car, where she again resisted. According
to Hamilton, Bowen became belligerent, cursed, screamed, and ultimately kicked him in the
shin. 

 Bowen's factual account differs. Bowen testified at trial that Hamilton kicked out her
legs in executing the takedown, causing her terrible pain. According to Bowen, with the help
of other officers, Hamilton forced her face into the ground and pinned her with his knees. 
Bowen admitted to struggling because she could not breathe. She also stated she screamed
for help and that she was hurt. After restraining her, Bowen further testified that the officers
lifted her directly from the ground to her feet using only the handcuffs and her forearms. 
Bowen felt that her "arm had popped out of the socket" as a result of being raised in that
manner. Although admitting to kicking the officer, Bowen contested that it occurred while
she was being lifted from the ground, not when being placed in the patrol car. She also
contested that the kicking was intended to prevent Hamilton from taking her into custody. 
She alleged that the kicking was in response to the pain of being lifted in this manner and
attempting to regain her balance. 

 Bowen was charged with resisting arrest, search, or transportation by using force
against a peace officer. At the close of evidence, Bowen sought a jury instruction on self-defense and the justification defense of necessity. The trial judge refused to submit the
necessity instruction, but did submit the instruction on self-defense. After a jury found
Bowen guilty as charged, she was sentenced to pay a fine of $500. 

Court of Appeals

 The Court of Appeals first found that Bowen had sufficiently admitted the
commission of the alleged offense to entitle her to the justification defense instruction. (1) 
However, the court held that a legislative purpose existed to exclude the defense under the
facts of this case. The court held that Penal Code section 9.31, stating that the use of force
against another is not justified "to resist an arrest or search that the actor knows is being
made by a peace officer ... even though the arrest or search is unlawful," provides legislative
support to exclude the availability of a necessity defense. The court concluded that because
there was no question surrounding whether Bowen was being arrested or that she knew
Hamilton was a peace officer, section 9.31(b) precluded the defense of necessity as
justification for the resisting arrest offense. (2) The Court of Appeals held that the trial judge
properly refused to submit Bowen's necessity defense instruction. In light of this holding,
we granted Bowen's petition for discretionary review.

Analysis

 Penal Code section 9.22 states:

 Conduct is justified if:

 (1) the actor reasonably believed the conduct is necessary to avoid imminent
harm;

 (2) the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be
prevented by the law proscribing the conduct; and

 (3) a legislative purpose to exclude the justification claimed for the conduct
does not otherwise plainly appear. (3)


 The State argues that the Court of Appeals properly restricted the necessity defense's
application and invites this Court to restrict the availability of the necessity defense according
to the circumstances presented in each case. The State suggests the proper analysis begins
with the underlying charged offense of resisting arrest defined by section 38.03. The
argument continues that the use of force in resisting an arrest is limited by section 9.31,
which provides in part:

 The use of force to resist an arrest or search is not justified:

 ... 

 (2) to resist an arrest or search that the actor knows is being made by a peace
officer ... even though the arrest or search is unlawful, unless the resistance is
lawful under Subsection (c);

 ...

 (c) The use of force to resist an arrest or search is justified:

 (1) if, before the actor offers any resistance, the peace officer ... uses or
attempts to use greater force than necessary to make the arrest or search; and

 (2) when and to the degree the actor reasonably believes the force is
immediately necessary to protect himself against the peace officer's ... use or
attempted use of greater force than necessary. (4) 


The State contends that "since § 9.31(c) restricts resisting arrest to an officer's abuse of force
then it must restrict resisting arrest, as a whole. And since the underlying offense in this case
is resisting arrest then § 9.22 is restricted by § 9.31 as well." However, precedent and proper
statutory construction prevent us from taking such a restrictive view of the necessity
justification. This Court has had several opportunities to interpret section 9.22(3) since its
enactment in 1973. In each case, we looked to the language of the charged offense to
determine whether a legislative purpose plainly excludes the necessity justification. 

 In Vasquez v. State, we looked to the charged offense's statutory language. (5) There,
we referred to the offense's statute and held that "[t]he legislature has not excluded the
justification of necessity as a defense to the offense of possession of a firearm by a felon." (6) 
 Without a recitation of the facts, in Johnson v. State we held that a necessity defense is
available in a prosecution for an unlawful carrying of a weapon offense under section 46.02. (7) 
Overruling Roy v. State, (8) we disavowed the notion that permitting the defense of necessity 
would violate the intent of an offense's statute and was, therefore, tantamount to a legislative
purpose to exclude the defense. (9) 

 Most recently, in Spakes v. State, we again utilized a plain-language interpretation of
section 9.22 and the statute defining the charged offense. (10) In determining whether Spakes
was entitled to a necessity instruction on his escape charge, we refused to hold that an
attempt to surrender once the immediate threat justifying the escape has ceased is a predicate
for a necessity instruction's submission. (11) After noting the statutory elements of escape
defined under section 38.07, we held that there was no apparent legislative purpose to
exclude the justification. We further noted that "[t]he plain language codifying the necessity
defense evinces a legislative intent that the defense apply to all offenses unless the legislature
has specifically excluded it from them." (12) While the State in Spakes raised valid arguments
as to why the necessity defense should be limited, these arguments were appropriate for the
legislature, not the judiciary. We now turn to the statutory language presented in this case. 
 We begin by noting section 9.22's plain language indicates that the defense of
necessity may be applicable in every case unless specifically excluded by the legislature. (13) 
To determine whether a legislative purpose exists to exclude the defense, we focus on the
statute defining the charged offense. Section 38.03 defines the offense of resisting arrest:

 (a) A person commits an offense if he intentionally prevents or obstructs a
person he knows is a peace officer or a person acting in a peace officer's
presence and at his direction from effecting an arrest, search, or transportation
of the actor or another by using force against the peace officer or another.

 (b) It is no defense to prosecution under this section that the arrest or search
was unlawful.

 (c) Except as provided in Subsection (d), an offense under this section is a
Class A misdemeanor.

 (d) An offense under this section is a felony of the third degree if the actor uses
a deadly weapon to resist the arrest or search. (14)


Section 38.03 does not limit the necessity defense's application because a legislative purpose
to exclude the defense does not plainly appear in its text. On its face, we cannot glean any
clear legislative purpose indicating that the necessity defense is not available.

 The State's argument that the necessity defense's availability must be viewed in light
of section 9.31 must also fail because it ignores that necessity and self-defense are separate 
defenses. (15) The State attempts to link the two defense statutes together by Bowen's use of
force. However, Bowen's conduct does not merge the two defense provisions into a single,
unified defense. While Bowen's use of force may limit her ability to invoke self-defense, it
does not exclude a necessity defense to a resisting arrest offense as a matter of law. We have
recognized the independence of separate defenses by holding that a defendant is entitled to
the submission of every defensive issue raised by the evidence, even if the defense may be
inconsistent with other defenses. (16) We reaffirm this principle by holding self-defense's
statutorily imposed restrictions do not foreclose necessity's availability.

 The Court of Appeals and the State seize upon the issue of whether Bowen knew she
was being placed under arrest as a dispositive factor in assessing necessity's availability. But
this reasoning assumes that the necessity defense is controlled by the self-defense statute's
provisions addressing the use of force. Because we have held otherwise, Bowen's
knowledge that she was being placed under arrest is irrelevant to determine whether she was
entitled to a necessity instruction as a matter of law.Conclusion

 Because the Court of Appeals held that Bowen sufficiently admitted to committing
the offense and raised a necessity issue at trial, Bowen has satisfied the judicially imposed
prerequisite to request a necessity instruction. (17) Therefore, the trial court erred in refusing
Bowen's requested necessity instruction. We reverse and remand this case to the Court of
Appeals for proceedings consistent with this opinion. 


DATE DELIVERED: May 4, 2005

PUBLISH 

1. Bowen v. State, 117 S.W.3d 291, 297 (Tex. App.--Ft. Worth 2003).
2. Id. at 298.
3. Tex. Pen. Code Ann. § 9.22 (Vernon 2004).
4. Tex. Pen. Code Ann. § 9.31(b)-(c) (Vernon 2004).
5. 830 S.W.2d 948 (Tex. Crim. App. 1992).
6. Vasquez, 830 S.W.2d at 950 (citing Texas Penal Code § 46.05).
7. Johnson v. State, 650 S.W.2d 414, 416 (Tex. Crim. App. 1983), overruled on other
grounds, Boget v. State, 74 S.W.2d 23 (Tex. Crim. App. 2002).
8. 552 S.W.2d 827 (Tex. Crim. App. 1977).
9. Johnson, 650 S.W.2d at 416.
10. Spakes v. State, 913 S.W.3d 597 (Tex. Crim. App. 1996).
11. Id. at 598.
12. Id.
13. Id.
14. Tex. Pen. Code Ann. § 38.03 (Vernon 2004).
15. See Boget, 74 S.W.2d at 31; see also Johnson v. State, 650 S.W.2d 414, 416
(Tex. Crim. App. 1983).
16. Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); Thomas v. State,
678 S.W.2d 82, 84 (Tex. Crim. App. 1984).
17. See Young v. State, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999).